In the matter of the criminal contempt charge against
ROBERT CARUBA.

[Argued May 27th, 1947.   Decided October 31st, 1947.]

*Mr. Thomas J. Brogan* and *Mr. Jacob L. Newman,* for the appellant.

*Mr. John E. Toolan* and *Mr. Joseph A. Weisman,* for the court.

PER CURIAM.

This is an appeal from an order in the Court of Chancery adjudging Robert Caruba guilty of criminal contempt and committing him to the common jail of the County of Essex

for sixty days. The facts are fully stated in the Chancery opinion which is reported in *139 N. J. Eq. 404.*

Caruba committed perjury in swearing willfully and falsely regarding a fact which we find was material to the issue. He was obstinate in clinging to his deliberately false story and, brazenly and without penitence, he acknowledged the truth only when broken down and forced so to do by the persistent and relentless examination of counsel. Was that intended to, and did it, impede the course of justice? We answer in the affirmative; and, that being so, it was obstructive.

The Court of Chancery is a constitutional court and retains its common law power over contempts free of the authority of the legislature to impair it. Without doubt perjury was a common law contempt, and the conviction of it and punishment for it were within the jurisdiction of Chancery.

When Caruba committed the act he was testifying under oath in a cause duly at issue and on a phase of the matter which was under reference to the special master who was hearing it. The offense, in our finding, was duly charged, fully proved, and was committed in the actual presence of the court.

We perceive a distinction between the federal cases, which turn on what they hold to be the *inherent* powers of a court over contempts, and the powers of our state courts which do not rest so much upon what inherently belongs as upon the actual powers of our Colonial courts and of the English courts to whose jurisdiction and powers they succeeded.

The learned opinion filed by Vice-Chancellor Berry in the court below contains ample citations to support the foregoing views. It would be superfluous to repeat them here. Under the circumstances of the case the punishment was not excessive.

The order below will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, WACHEN-FELD, EASTWOOD, BURLING, WELLS, McLEAN, JJ. 7.

*For reversal*—DONGES, HEHER, COLIE, DILL, FREUND, McGEEHAN, JJ. 6.