57 N.J. Super. 532 (1959)
155 A.2d 106
LEONARD LATHROP, PLAINTIFF,
v.
ALICE CONWAY LATHROP, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1959.
Decided November 5, 1959.
*535 Before Judges GOLDMANN, CONFORD and FREUND.
Mr. Jerry Sokol, court-assigned counsel, argued the cause for appellant in contempt.
Mr. William L. Boyan, Deputy Attorney General, argued in support of the contempt order (Mr. David D. Furman, Attorney General, attorney at the direction of the court).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant, by court-assigned counsel, appeals from a Chancery Division order entered by a county judge specially assigned to this case, sentencing her to an indefinite jail term for contemning the visitation provisions of a judgment nisi entered on March 23, 1956, suspending that sentence, and placing her on probation for a period of five years. Her probation was made subject to seven specific conditions, all relevant to the visitation rights. The order further provided that defendant's failure to comply with its terms would result in an immediate revocation of probation, with reinstatement of the sentence and defendant's commitment to jail forthwith. The Monmouth County Probation Department was to supervise the probation.
Plaintiff's judgment nisi awarded him certain rights of visitation with the three children of the marriage, custody being given to defendant. The sequence of events following upon the entry of that judgment is set out at length in our opinion in Lathrop v. Lathrop, 50 N.J. Super. 525 (App. *536 Div. 1958). In June 1956 plaintiff moved to hold defendant in contempt for failure to allow him visitation. After a series of hearings the county judge (temporarily assigned to hear matrimonial matters in the vicinage) on October 11, 1956 found defendant guilty of civil contempt. Sentence was postponed pending investigation by the Monmouth County Probation Office. The parties appeared before the court on January 11, 1957, at which time the judge announced that he was imposing a 30-day jail term for contempt of court, but was vacating execution thereof and placing defendant on "modified probation" for two years.
When plaintiff subsequently again complained that his visitation rights were being denied him, the court directed an investigation by the probation department. Defendant refused to speak to the probation officer, with the eventual result that the county judge, on November 1, 1957, and after a full hearing, determined there had been a violation of the probation and ordered that defendant be imprisoned for 30 days. On appeal to this court we held that the order had been in the nature of a punishment for violation of probation rather than for contempt, and since the January 11, 1957 order had not specified the conditions of probation, defendant could not lawfully be punished therefor. We reversed the November 1, 1957 order and remanded the matter so that the trial judge might enter a proper order formally imposing sanctions for the civil contempt of which defendant had been found guilty, and take all steps appropriate for the enforcement of that order. We noted that in the circumstances the framing of an effective order called for a certain flexibility of approach by the trial judge, and we specifically stated that the court was free to proceed against defendant for any violation of the visitation provisions of the judgment nisi, past or future. The result was the order here under appeal, entered November 13, 1958.
Defense counsel first argues that a trial judge is without authority to place on probation a person who has been found guilty of contemning a court order, where sentence *537 has been suspended. He calls attention to the provisions of R.R. 4:87-3, which states that where the contempt is primarily civil in nature, and the person in contempt shall have disobeyed a judgment, order or process of the court, he "shall stand committed and remain in close custody until the judgment, order or process is obeyed and performed and until such fine as may be imposed for his contempt in accordance with N.J.S. 2A:10-5, with costs, is fully paid, or until further order of the court." It is argued that the purpose of the rule is to compel obedience, and there is no right to place a defendant on probation, because probation implies that a person has been found guilty of some criminal act, in which case a probation period for rehabilitation is imposed instead of a prison term.
We observe that defendant did not, on her prior appeal, challenge the trial court's right to impose probation after suspending sentence, nor did we in any way disapprove of probation in the circumstances. The attack then was upon the form of the January 11, 1957 order. We question defendant's right to raise the probation question now, but we shall nonetheless consider the matter on the merits.
Probation, as we said in our earlier opinion, has a common law basis. Adamo v. McCorkle, 13 N.J. 561, 563-564 (1953). In 1929 a comprehensive revision of our laws relating to suspension of sentence and probation was enacted. L. 1929, c. 156; N.J.S. 2A:168-1 et seq. N.J.S. 2A:168-1 provides that where it appears that the best interests of the public as well as of defendant will be subserved thereby, "the courts of this state having jurisdiction over criminal or quasi-criminal actions shall have power, after conviction or after plea of guilty or non-vult for any crime or offense, * * * to suspend the imposition or execution of sentence, and also to place the defendant on probation under the supervision of the chief probation officer of the county, for a period of not less than 1 year nor more than 5 years." Similarly, courts having jurisdiction "over juvenile or domestic relations cases, when it shall appear that the best *538 interests of the public as well as of the person adjudged guilty of any offense, * * * before such court will be subserved thereby," are authorized to place a defendant on probation for a like period.
The question before us is whether punishment for a civil contempt, either generally or by a spouse for violation of the visitation provisions in a judgment nisi, comes within N.J.S. 2A:168-1; or, if not, under any common law power of the Superior Court not preempted by the statute. Defendant insists that it does not; the Attorney General argues that the probation here imposed may be justified either on the theory that this is a quasi-criminal matter or a domestic relations case, within the meaning of the quoted provisions of the act.
It is our view that the statute, properly construed, confers upon courts vested with the power to punish for civil contempt the adjunctive sanction of probation in enforcement of orders punishing for such contempt. The punishment of a person for civil contempt, while separately classified in the law from proceedings for criminal contempt, naturally imports a highly penal sanction. An individual so punished may be committed and remain in close custody indefinitely if he stubbornly refuses to obey the order of the court, and where a fine is imposed (N.J.S. 2A:10-5), the fine has all the aspects of a penal imposition, since the money is not turned over to the other party to the litigation. Contempt proceedings are obviously coercive in nature, though remedial in purpose. We consider that probation was properly imposed here on the theory of this proceeding being of a quasi-criminal nature, with defendant having been found guilty of offending the visitation provisions of the judgment nisi.
In this view of the matter, it is not necessary for us to determine whether the exercise of the probation procedure in this case may also be supported on the basis of the reference in the statute to courts having jurisdiction over "juvenile or domestic relations cases."
*539 We further entertain the view that the inherent and ancient jurisdiction of the former Court of Chancery, transferred to the Chancery Division of the Superior Court by virtue of the 1947 Constitution, Art. XI, Sec. IV, par. 4, is broad enough to comprehend the use of any reasonably appropriate and effective procedures designed to enforce Chancery Division judgments or orders, including those attendant upon the use of the process of civil contempt, to compel obedience to such judgments or orders. We may not regard N.J.S. 2A:168-1 et seq., or its predecessor enactments, as having had the purpose and intention of preempting the entire field of judicial use of the probation process or procedure as it was known and recognized by courts of common law, or as it may properly have been exercised by the former Court of Chancery (now the Chancery Division) in the enforcement of its own orders and decrees. Cf. In re Caruba, 139 N.J. Eq. 404, 427 (Ch. 1947), affirmed 140 N.J. Eq. 563, and see 140 N.J. Eq. 564 (E. & A. 1947), petition to Chancellor to modify judgment denied 142 N.J. Eq. 358 (Ch. 1948), certiorari denied 335 U.S. 846, 69 S.Ct. 69, 93 L.Ed. 396 (1948), and see N.J.S. 2A:10-1, last paragraph, preserving the inherent jurisdiction of the Superior Court to punish for contempt. Consequently, the use of probation in the judgment under appeal herein may be supported either on the ground of its express sanction in the reference in N.J.S. 2A:168-1 to courts having jurisdiction over "quasi-criminal actions" or in the inherent remedial jurisdiction of the Chancery Division of the Superior Court, derived as aforesaid.
In our prior decision we stressed that the sentence to be imposed by the trial judge be fashioned to the peculiar exigencies of the case. 50 N.J. Super. at page 537. Although we suggested several alternatives that might be followed, we also pointed out that we were not attempting to limit the trial court in framing an effective order by a flexible approach.
Accordingly, we conclude that placing defendant on probation *540 was a lawful and reasonable way of effecting compliance with the visitation order.
Defendant next argues that the trial judge had no right to increase the probationary period from two to five years, and it is suggested that he did so merely to punish her for prosecuting her original appeal and obtaining a reversal. There is no merit to the point. What we did in reversing and remanding was to set aside the first imposition of probation on the ground that there was no valid order entered on the original adjudication of civil contempt. We directed that "a proper order should now be entered." In short, we set aside in its entirety what the trial court did on January 11, 1957. The trial judge was to start afresh in punishing for the contempt of which defendant had been found guilty.
N.J.S. 2A:168-1, as we have seen, permits the court to place a defendant on probation for a period of not less than one year nor more than five. The trial judge was therefore free to impose a five-year probationary period. This was neither unlawful nor unreasonable. Its purpose was to enforce compliance with the order for visitation which, absent any later modifying order, will continue during the minority of the youngest child of the marriage. At the time of the order under appeal, that minority still had more than five years to run.
Defendant's third ground of appeal is that the trial judge failed to make formal findings of fact. The short answer to this is that there already has been an adjudication of contempt, and the prior appeal generally challenged the validity of that adjudication without any question being raised as to the absence of findings of fact. That issue was just as relevant to the disposition of the case then as it is now. Defendant not having raised the issue then, she should not be allowed to raise it now. R.R. 1:7-1(c). The order presently under appeal was entered upon a remand, which presupposed the existence of a valid adjudication. The issue as to findings of fact is therefore foreclosed.
*541 This disposes of the matter. We observe, however, that adequate findings were made when defendant appeared before the trial judge on October 11, 1956. The testimony taken at that hearing related entirely to defendant's frustration of plaintiff's visitation rights on the Memorial Day weekend on 1956, and other weekends during the summer. Defendant never actually denied her acts, but attempted to explain them away. From the judge's pointed remarks at the close of the hearing defendant certainly knew exactly in what manner she had violated the visitation order.
Finally, the appeal challenges the jurisdiction of the trial judge, who is a County Court judge, to sentence defendant on November 13, 1958 on the adjudication of contempt made October 11, 1956. It is claimed that the jurisdiction of the county judge is limited to Mercer County, the county of his appointment, and he had no right to continue to sit in this case. The fact is, as we observed in our prior opinion, 50 N.J. Super. at page 532, that on October 17, 1957 the Chief Justice directed that in addition to his regular assignment the county judge was temporarily assigned to the Chancery Division "for the purpose of hearing and concluding any and all matters pertaining to the case of Lathrop v. Lathrop, Docket No. M-277-53." (See State v. Pillo, 15 N.J. 99, 102 (1954), certiorari denied 348 U.S. 855, 75 S.Ct. 78, 99 L.Ed. 673 (1954), on the constitutional right of the Chief Justice to assign County Court judges to the Superior Court.) This was the law of the case, since the issue of jurisdiction was raised on the earlier appeal.
Although defendant acknowledges that the Chief Justice may make temporary assignments of county judges to the Superior Court for the trial of matters, 1947 Constitution, Art. XI, Sec. IV, par. 5, we are asked to hold that this section cannot be construed to permit judges temporarily assigned to a vicinage of the Superior Court to hear a particular case ad infinitum. We hold that the assignment here is patently a temporary one and entirely within the permissive *542 provisions of the Constitution. The order of the Chief Justice did not assign the county judge in question on a permanent basis. The duration of his assignment is clearly limited by a contingency  the conclusion of this case. This will inevitably happen in the course of time.
Affirmed.