Jacob B. KOCHUTIN, Jr., Petitioner,

v.

STATE of Alaska, Respondent.

No. S–1894.

Supreme Court of Alaska.

July 2, 1987.

Susan Orlansky, Asst. Public Defender, Dana Fabe, Public Defender, Anchorage, for petitioner.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, Grace Berg Schaible, Atty. Gen., Juneau, for respondent.

Before BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

Jacob Kochutin is charged with first degree murder and first degree sexual assault of a minor. Acting pursuant to article IV, section 16 of the Alaska Constitution,[1] Chief Justice Jay A. Rabinowitz appointed District Court Judge William H. Fuld to preside as superior court judge *pro tempore* over Kochutin's trial and attendant proceedings. Kochutin moved to disqualify Judge Fuld for cause, claiming that Chief Justice Rabinowitz had (1) exceeded his temporary assignment authority because of prior sequential assignments of

---

**1.** Alaska Const. art. IV, § 16 provides in part:
The chief justice of the supreme court shall be the administrative head of all courts. He may assign judges from one court or division thereof to another for temporary service.

Judge Fuld to sit as superior court judge *pro tempore*,[2] and (2) abused his discretion by assigning Judge Fuld to preside over the Kochutin proceedings. Judge Fuld denied the motion. Superior Court Judge Peter A. Michalski affirmed Judge Fuld's ruling.

Kochutin next petitioned the court of appeals for review,[3] but it declined review and instead certified the question to this court.[4] We accepted the certification and granted review because the petition raises an important question of law under the state constitution. AS 22.05.015(b).

█ Constitutional provisions should be given a "reasonable and practical interpretation in accordance with common sense." *Warren v. Thomas*, 568 P.2d 400, 401 (Alaska 1977). The court should look at the plain meaning and purpose of the provisions and the intent of the framers.[5] *Hammond v. Hoffbeck*, 627 P.2d 1052, 1056 & n. 7 (Alaska 1981).

█ The temporary assignment power of the chief justice is intended to provide the flexibility necessary for efficient day-to-day administration of the court system. It includes the authority to assign district court judges to *pro tempore* service on the superior court. *Oxereok v. State*, 611 P.2d 913, 916 (Alaska 1980). The question in the instant appeal is whether consecutive short term appointments by the chief justice may rise to the level of permanence, thus exceeding the temporary assignment power.[6]

█ What, then, is a temporary assignment? Kochutin argues that an assignment ceases to be "temporary" when it exceeds ninety days in a twelve-month period, because a non-consensual interdistrict assignment of a district or superior court judge by the presiding judge is limited to ninety days. Administrative Rule 24(d).[7] This argument is without merit. Rule 24(d) was promulgated to protect judges against long-term assignments far from home. Moreover, the obvious inference from the rule is that a temporary assignment *may*

---

**2.** Judge Fuld was appointed to the Anchorage Superior court family division from January 2–31, February 3–28 and March 3–31. He served in the Anchorage criminal division from April 1–June 30, in the Dillingham family division from May 5–9, and the Naknek Superior Court from August 18–22. On January 17, he was assigned to the Palmer Superior Court to hear a children's proceeding. On September 9, Judge Fuld was appointed to the superior court for the length of Kochutin's case.

**3.** Alaska Appellate Rule 402(a) provides:
(1) An aggrieved party, including the State of Alaska, may petition the appellate court as provided in Rule 403 to review any order or decision of the trial court, not appealable under Rule 202, and not subject to a petition for hearing under Rule 302, in any action or proceeding, civil or criminal.
(2) A petition for review shall be directed to the appellate court which would have jurisdiction over an appeal from the final judgment of the trial court in the action or proceeding in which it arises.

**4.** AS 22.05.015(b) provides in part:
The supreme court may take jurisdiction of a case pending before the court of appeals if the court of appeals certifies to the supreme court that the case involves a significant question of law under ... the consititution of the state or involves an issue of substantial public interest that should be determined by the supreme court.

*See also* Appellate Rule 408(b).

**5.** The framers did not discuss article IV, § 16 at length. The only reference to the temporary assignment power indicates that
[T]emporary was inserted there specifically with the intent that the chief justice ... couldn't remove a judge who was appointed in the Nome District to Ketchikan for two and a half years, and then return him to Nome the day before his name appeared on the ballot for rejection or retention. And that was the purpose of it.
5 Proceedings of the Alaska Constitutional Convention 3002 (Feb. 3, 1956). The assignments here challenged do not present that problem.

**6.** Kochutin may prevail only if the appointments are considered as a whole. It is beyond question that an assignment to hear a specific case is temporary. *See Lathrop v. Lathrop*, 57 N.J.Super. 532, 155 A.2d 106, 110–11 (1959). Special Order 1292 specifically assigned Judge Fuld to hear Kochutin's trial.

**7.** Alaska Administrative Rule 24(d) provides:
A single temporary assignment of a judicial officer to another judicial district may not exceed 90 days, unless the judicial officer consents to the additional assignment. Assignments in excess of 90 days or any assignment made without the consent of the assigned judicial officer may be made only by special order of the chief justice.

exceed ninety days if the assigned judge consents or the chief justice so orders. Thus, we conclude that Administrative Rule 24 does not support Kochutin's position.

 "Temporary" has been defined as "[t]hat which is to last for a limited time only, as distinguished from that which is perpetual, or indefinite, in its duration. Opposite of permanent." *Black's Law Dictionary* 1312 (5th ed. 1979). Each of the special orders assigning Judge Fuld is expressly limited in duration or subject matter. None purport to confer upon him all the benefits of regular superior court service.[8] These assignments do not interfere with the legislature's power to fix the number of superior court judges,[9] nor do they prevent the governor and judicial council from filling a vacancy on the superior court.[10] The assignments of Judge Fuld were clearly not permanent. We therefore conclude that they were temporary assignments within the constitutional authority of the chief justice.[11]

AFFIRMED.

RABINOWITZ, C.J., not participating.

---

8. For example, the district court judge does not receive the salary of a superior court judge. *Compare* AS 22.10.190(a) *with* AS 22.15.220(a). Furthermore, he remains subject to retention elections every four years, whereas a superior court judge faces retention every six years. *Compare* AS 15.35.100 *with* AS 15.35.060.

9. Alaska Const. art. IV, § 3; AS 22.10.120.

10. Alaska Const. art. IV, § 5.

11. We further conclude that Kochutin's claim that the chief justice abused his discretion is without merit.