The **ALASKA WILDLIFE ALLIANCE,**
Appellant,

v.

Frank **RUE,** Commissioner, Alaska Department of Fish & Game, and the Alaska Department of Fish & Game, Appellees.

No. S–7448.

Supreme Court of Alaska.

Nov. 28, 1997.

---

**2.** In view of our disposition of this issue, it is unnecessary to consider any other issues in the case.

Sharon A. Sturges, Anchorage, for Appellant.

Kevin M. Saxby, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellees.

Before COMPTON, C.J., and MATTHEWS, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

COMPTON, Chief Justice.

### I. *INTRODUCTION*

The Alaska Wildlife Alliance (AWA) sought disclosure of public employee and private contractor names and time sheets maintained by the Alaska Department of Fish & Game (Department or ADF & G). The Department refused to disclose certain names and time sheets. AWA appealed to the Commissioner of ADF & G. The Commissioner upheld the Department's refusal. On appeal, the superior court affirmed. The superior court also concluded that AWA was not entitled to attorney's fees as a prevailing public interest litigant. AWA appeals the superior court's decision regarding nondisclosure and public interest litigant status. We affirm in part and remand in part.

### II. *FACTS AND PROCEEDINGS*

During the winter of 1993–94, the Department implemented a wolf control program (program) in interior Alaska. The program included the snaring, trapping, and shooting of wolves by Department employees, using private contractors for transportation. Between June 1993 and March 1994 various state offices received letters and phone calls which threatened the lives and property of Department employees and private contractors who were involved in the wolf control program, as well as their families.

In 1994 AWA sought to audit money spent by the Department on the program. AWA twice asked the Department to disclose documents concerning the program, including the names and titles of all Department employees and private contractors working on the program, and billing and payroll information (time sheets) of the Department employees and private contractors.

In response to the first request, the Department provided AWA with a list of its employees and time sheets, but redacted the names of select employees involved in the program. It withheld the names, ostensibly under article I, section 22 of the Alaska Constitution, to protect the privacy of its employees and private contractors, stating that "[t]he state has received threats against the persons, property and families of people involved in this program, and we are obligated to protect them from harassment or harm." In response to the second request, the Department withheld both names and time sheets, asserting that the time sheets are confidential pursuant to AS 39.25.080.[1]

The Commissioner of ADF & G affirmed the Department's action as to both requests. AWA appealed both decisions to the superior court, which consolidated the cases for review. The superior court affirmed the Commissioner's decision as to the names of Department employees working in the program. It concluded that under article I, section 22 of the Alaska Constitution, which guarantees a right to privacy, the names were protected from disclosure. The superior court found no distinction between Department employees and private contractors for the purpose of this constitutional protection. The superi-

---

1. AS 39.25.080 exempts state personnel records from disclosure under the Public Records Act, AS 09.25.100 *et seq.*

or court did not directly address the disclosure of time sheets, holding only that the Department was not required to disclose the names of those employees directly involved in the program. AWA then moved for an award of attorney's fees, claiming that it was a public interest litigant, and that it was a prevailing party.[2] The superior court denied this motion, finding that AWA was neither a public interest litigant nor the prevailing party. AWA appeals the non-disclosure of names and time sheets and the order regarding attorney fees.

We address three issues on appeal: (1) Are public employee time sheets personnel records within the meaning of AS 39.25.080? (2) Is an agency, when faced with a request made under the Public Records Act, AS 09.25.100 *et seq.,* entitled to withhold public employee and private contractor names based on the right to privacy contained in article I, section 22 of the Alaska Constitution? (3) Was AWA entitled to attorney's fees as a prevailing public interest litigant?

## III. *DISCUSSION*

### A. *The Public Records Act*

#### 1. *Standard of review*

 When the superior court acts as an intermediate court of appeal, we give no deference to its decision. *See Plumber v. University of Alaska,* 936 P.2d 163, 166 (Alaska 1997). We exercise independent judgment when interpreting statutes which do not implicate an agency's special expertise or determination of fundamental policies. *See Keane v. Local Boundary Comm'n,* 893 P.2d 1239, 1241 (Alaska 1995). The Public Records Act and State Personnel Act are such statutes. Similarly, we apply independent judgment to constitutional issues, adopting "a reasonable and practical interpretation in accordance with common sense" based upon "the plain meaning and purpose of the provision and the intent of the framers." *Arco Alaska, Inc. v. State,* 824 P.2d 708, 710 (Alaska 1992)

---

**2.** AWA had also sought disclosure of the locations of traps and snares used in the program. It prevailed on this issue.

**3.** AS 09.25.110(a) provides: "Unless specifically provided otherwise, the public records of all public agencies are open to inspection by the public

(citing *Kochutin v. State,* 739 P.2d 170, 171 (Alaska 1987)).

#### 2. *The statute*

The Public Records Act provides for the disclosure to the public of state agency records, subject to limited exceptions.[3] "Public records" are defined as:

> [B]ooks, papers, files, accounts, writings, including drafts and memorializations of conversations, and other items, regardless of format or physical characteristics, that are developed or received by a public agency, or by a private contractor for a public agency, and that are preserved for their informational value or as evidence of the organization or operation of the public agency.

AS 09.25.220(3). The billing and payroll information requested by AWA falls under this broad definition of public records.

#### 3. *Time sheets*

Alaska Statute 39.25.080 exempts state personnel records from the Public Records Act. It provides in part:

> (a) State personnel records, including employment applications and examination materials, are confidential and are not open to public inspection except as provided in this section.
>
> (b) The following information is available for public inspection, subject to reasonable regulations on the time and manner of inspection:
>
> > (1) the names and position titles of all state employees;
> >
> > (2) the position held by a state employee;
> >
> > . . . .
> >
> > (6) the compensation authorized for a state employee.

 No Alaska case has considered the question whether time sheets are "state personnel records" pursuant to AS 39.25.080.[4] However, examples of documents covered

---

under reasonable rules during regular office hours."

**4.** Courts in other states have found that payroll records, vacation and sick leave attendance records are disclosable under state public records laws, reasoning that such records are not private facts of a personal nature as contemplated by

and exempted provided by the Public Records Act are revealing. Alaska Statute 39.25.080(a) lists as examples of personnel records "employment applications" and "examination materials." Both types of documents contain details about the employee's or applicant's personal life. By contrast, exceptions to AS 39.25.080(a) include "position titles," "dates of appointment and separation," and "compensation authorized." AS 39.25.080(b)(1),(5),(6). Such information tells little about the individual's personal life, but instead simply describes employment status. We hold that time sheets, which indicate merely the hours worked for the public employer, are properly included in the definition of public records provided in AS 09.25.220(3)—"papers ... developed ... as evidence of the organization or operation of the public agency." They are not subject to the confidentiality provisions of AS 39.25.080.

### 4. Alaska's constitutional right to privacy

■ Former 6 Alaska Administrative Code (AAC) 95.090(a)(4), in effect at the times relevant to this case, authorized denial of records requested under the Public Records Act if "a valid Alaska or federal statute or regulation, or a ... principle recognized by the courts ... authorizes nondisclosure of the record." Article I, section 22 of the Alaska Constitution provides that "[t]he right of the people to privacy is recognized and shall not be infringed." In *Falcon v. Alaska Public Offices Commission*, 570 P.2d 469 (Alaska 1977), we recognized the principle that, under appropriate circumstances, a statute requiring the disclosure of a person's identity must yield to the constitutional right to privacy. *Id.* at 480. This principle is equally applicable in the context of a Public Records Act request, and comes within the meaning of former 6 AAC 95.090(a)(4).

■ In *Falcon* we also made clear that we would permit a litigant to assert the privacy interests of third parties when (1)

such laws. *See Perkins v. Freedom of Info. Comm'n*, 228 Conn. 158, 635 A.2d 783 (1993); *Brogan v. School Comm. of Westport*, 401 Mass. 306, 516 N.E.2d 159, 160–61 (1987); *Sipe v. Snyder*, 163 Pa.Cmwlth. 232, 640 A.2d 1374, 1381 (1994); *Kanzelmeyer v. Eger*, 16 Pa.Cmwlth. 495, 329 A.2d 307, 308–10 (1974).

third parties, in attempting to vindicate their rights, would forfeit the very privacy they sought to protect and (2) the interests of the litigants are adverse. *Id.* at 475. The Department's interest in protecting its employees is clearly adverse to AWA's interest in obtaining Department employee names. It is also clear that if these employees attempted to vindicate their own privacy rights, they would forfeit the privacy they sought to protect—their identities. We therefore hold that the Department has standing to assert the privacy interests of its employees in the instant case.

■ In *Jones v. Jennings*, 788 P.2d 732, 738 (Alaska 1990), this court adopted a three-part test for applying Alaska's constitutional right to privacy:

(1) does the party seeking to come within the protection of the right to [privacy] have a legitimate expectation that the materials or information will not be disclosed?

(2) is disclosure nonetheless required to serve a compelling state interest?

(3) if so, will the necessary disclosure occur in that manner which is least intrusive with respect to the right to [privacy]?

*Id.* (quoting *Martinelli v. District Court*, 199 Colo. 163, 612 P.2d 1083, 1091 (1980)).

■ The Department concedes that public employees and private contractors generally do not have any expectation that their status as public employees or private contractors will be confidential. In the instant case, however, the Department determined that "the [Department] employees and contractors directly involved in predator control had a legitimate expectation that their involvement in the wolf control program would not be publicly disclosed after threats were received against their lives and their families." We agree that where there are credible threats against the lives of public employees and private contractors, their expectation that the state will protect them by not disclosing their names is legitimate.[5]

5. A party requesting public employee and private contractor names may contest the existence or credibility of such threats. If so, it may be that the employing agency will bear a significant burden to show that the threats are both real and credible. However, we are not presented with that question. With limited exceptions not appli-

■ There remains the question whether disclosure is nonetheless required to serve a compelling state interest. To answer it requires us to balance the public's interest in the full accountability of the state to its people against the Department employees' and private contractors' interests in anonymity. *See City of Kenai v. Kenai Peninsula Newspapers, Inc.*, 642 P.2d 1316, 1323 (Alaska 1982) ("[Q]uestions such as these require a balance to be struck between the public interest in disclosure on the one hand and the privacy ... interests of the affected individuals ... on the other."). We conclude that AWA's asserted interest in "verifying accountability of public funds" does not justify putting the Department's employees, private contractors, and their respective families in harm's way. AWA is entitled to receive the requested time sheets only with the necessary employee and private contractor names redacted.

**B. Was AWA Entitled to Attorney's Fees as a Prevailing Public Interest Litigant?**

■ We review determinations of the award or denial of attorney's fees for abuse of discretion. *See McNett v. Alyeska Pipeline Serv. Co.*, 856 P.2d 1165, 1167 (Alaska 1993).

■ The test for whether a party is a "prevailing party" for purposes of an attorney's fee award is set forth in *Hickel v. Southeast Conference*, 868 P.2d 919 (Alaska 1994). This test requires the court to determine, in an overall sense, which party the decision favors. *Id.* at 925. While it permits the superior court to apportion attorney's fees among issues, it does not require it to do so. *Id.* at 924–26. Apportionment of attorney's fees among issues is not the standard practice. We cannot say that it was an abuse of discretion for the superior court to determine that AWA was not a prevailing party, where AWA was unsuccessful in obtaining

the requested names of the Department's employees. Because we agree that AWA was not a prevailing party, we need not address whether AWA satisfied the requirements for public interest litigant status.

## IV. CONCLUSION

We AFFIRM the judgment of the superior court in part and REMAND in part for proceedings consistent with Part III.A.3. of this opinion.

cable here, we will not consider matters on appeal which are not raised below. *See Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1280 (Alaska 1985) ("As a general rule, a party may not present new issues or advance new theories to secure reversal of a lower court decision."). AWA did not argue the existence or credibility of the threats in its appeals to the Commissioner of ADF & G, though at that point AWA was aware of the Department's assertion that threats had been made to the lives of its employees and private contractors working on the program. AWA waived this issue by failing to raise it in the agency appeals. We will not consider it now. We assume for purposes of this appeal, as did the superior court, that the alleged threats to the lives of the Department employees and private contractors are real and credible.