**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,**

v.

**Sean PRUITT by and through Glenn PRUITT, Appellee.**

No. S–9571.

Supreme Court of Alaska.

Dec. 28, 2001.

---

Kenneth M. Gutsch, Richmond & Quinn, Anchorage, for Appellant.

Michaela Kelley Canterbury, Kelley & Kelley, Anchorage, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

## I. INTRODUCTION

The superior court bifurcated this case, addressing separately the coverage and damages issues before it, and eventually awarded separate attorney's fees for each part. The questions presented are whether separate awards were appropriate and whether the amounts awarded were justified. We answer the first question in the affirmative, but vacate the award as to one part of the case because the court did not explain its reasons for deviating from the presumptive award prescribed by Alaska Civil Rule 82(b)(1).

## II. FACTS AND PROCEEDINGS

Sean Pruitt ("Pruitt") was injured while riding as a passenger in a car driven by his older brother Gabriel. Gabriel had insurance coverage with United Services Automobile Association ("USAA"). Pruitt sued Gabriel. Soon thereafter USAA denied coverage, based on the policy's family member exclusion provision. Gabriel eventually confessed judgment for $229,535 in favor of Pruitt and assigned his rights against USAA to Pruitt.

Pruitt then sued USAA for the amount of the judgment and for damages for bad faith denial of coverage. Following cross-motions for summary judgment on the issue of the enforceability of the family exclusion, Superior Court Judge John Reese found in favor of Pruitt, holding that the exclusion was invalid.

A two-day settlement conference followed at which the parties agreed to bifurcate the coverage issue from Pruitt's claim for damages. The parties agreed that "Judgment [would] be entered in favor of [Pruitt] on the exclusion issue, after which [Pruitt] may request costs and fees as prescribed by the rules." To facilitate the application for costs and fees, the parties agreed that "[w]ithin 14 days of this date, [Pruitt] will provide a breakdown of costs and fees between the two bifurcated parts of the case." The parties also agreed that the bad faith claim against USAA would be abandoned, that the confessed judgment against Gabriel would be vacated, and that Pruitt's "injury claims" would be arbitrated. The agreement was memorialized in an order issued by Judge Reese.

A week later Pruitt moved for attorney's fees and costs, accompanying the motion with a listing of hours and costs expended. USAA opposed the motion, arguing that Pruitt's request for attorney's fees was premature and that the submittal did not provide the required breakdown between the two portions of the case.

Before the court ruled on the motion, the arbitration took place. The panel found Gabriel to be 100% at fault and awarded Pruitt damages for his injuries of $47,975. Issues of interest, costs, and attorney's fees were left to the trial court.

Following the arbitration, Pruitt moved for "enhanced" attorney's fees for the arbitration. USAA opposed this motion in what it called a "Supplement to USAA's Opposition to Plaintiff's Motion for Attorneys Fees." USAA argued that the court "should apply the 'contested with trial' (20% for the first $25,000 and 10% for the next $75,000 awarded thereafter) schedule of Civil Rule 82(b)(1) to plaintiff's arbitration award (after addition of prejudgment interest on the past damages of $27,575) as the appropriate barometer for plaintiff's pending motion for fees and costs." USAA also filed an additional memorandum that opposed both motions for attorney's fees. In this memorandum USAA asked that the motions be treated as consolidated "to avoid duplicative fees" and that the "arbitration award should be the gauge for the court's Rule 82 award."

The superior court then ruled on both pending motions for attorney's fees. With regard to what the court referred to as the "Declaratory Judgment action" concerning coverage, the court awarded Pruitt $48,468.75. The court noted that it was not following Rule 82(b)(2)'s 20% of actual fees guideline, and held that "under the totality of the circumstances," an award of 75% of Pruitt's "actual fees incurred," $63,825, was reasonable. The court explained: "In this case, the issue was of substantial importance to defendant and was vigorously defended by it. The issues were unique and plaintiff's efforts were effective, efficient and although driven by economic motive, also had broad beneficial effect for the public." With regard to the "[l]iability/damages action (submitted to arbitration by agreement)" the court declared, without specifying a figure, that "[t]o the arbitration award of $47,975.00 must be added prejudgment interest and Civil Rule 82(a) fees, contested with trial."

USAA moved for reconsideration of this ruling. The court denied the motion, reaffirmed the fee award of $48,468.75 for the coverage litigation, added prejudgment interest to the arbitration award, and awarded attorney's fees of $16,407.00 for the arbitration aspect of the litigation.

## III. DISCUSSION

### A. Standard of Review

■ Review of an award of attorney's fees is conducted under an "abuse of discretion" standard.[1] "The trial court has broad discretion in awarding attorney's fees; [this court] will not find an abuse of that discretion absent a showing that the award was arbitrary, capricious, manifestly unreasonable, or stemmed from an improper motive."[2]

■ The interpretation of the civil rules is a question of law and is subject to de novo review.[3]

### B. The Superior Court Did Not Abuse Its Discretion by Awarding Attorney's Fees for the Arbitration Portion of the Case.

#### 1. The settlement agreement did not preclude attorney's fees for the arbitration.

■ USAA argues that the trial court inappropriately awarded attorney's fees for the arbitration because the grant was contrary to the settlement agreement. In the order memorializing the settlement agreement, the case was split into two parts: (1) coverage and (2) the claim for damages. USAA argues that because the memorializing order addressed attorney's fees solely with respect to the coverage aspect of the case, the court erred when it awarded attorney's fees for the arbitrated claim for damages. USAA contends that the order "contemplated that there would be only one attorney's fee award in connection with the fees and costs relating to the family exclusion issue."

Pruitt responds that

[t]here was *nothing* in the Order which indicated in any way that [Pruitt] would be precluded from applying for attorney's fees

**1.** *Alaska Wildlife Alliance v. Rue*, 948 P.2d 976, 981 (Alaska 1997).

**2.** *Power Constructors, Inc. v. Taylor & Hintze*, 960 P.2d 20, 44 (Alaska 1998).

**3.** *D.L.M. v. M.W.*, 941 P.2d 900, 902 n. 2 (Alaska 1997).

with respect to his actual damages in this case, and, in point of fact, the wording of the Order implied that the trial court *would* be considering other attorney's fees and costs incurred at a later date.

That the court asked for a "breakdown of costs and fees between the two bifurcated parts of the case" shows, according to Pruitt, that the court contemplated awarding attorney's fees for both parts of the case.

We believe that Pruitt has the better of this argument. The order reiterated the parties' agreement that "[j]udgment [would] be entered in favor of [Pruitt] on the exclusion issue, after which [Pruitt] may request costs and fees as prescribed by the rules." Its silence on the issue of attorney's fees for the subsequent arbitration on the injury claim is not evidence of an agreement that such fees were precluded. Additionally, and most compellingly, the lawyer for USAA stated at the oral argument on attorney's fees that "the idea [at the time of the settlement] was to bifurcate one out from the other, that is, award attorney's fees separately." Hence, the court did not err in declining to hold that the agreement precluded attorney's fees for the arbitration portion of the case.

### 2. The superior court did not err by applying Rule 82 to the arbitration.

USAA also contends that the superior court erred because Civil Rule 82 does not apply to arbitrations. Civil Rule 82 provides for an award of attorney's fees to the "prevailing party in a *civil case*,"[4] not, USAA argues, in arbitration.

Pruitt calls attention to the fact that "USAA itself expressly *requested* the trial court to apply [Rule 82] to [Pruitt's] arbitration award ... as the appropriate barometer for [Pruitt's] pending motion for fees and costs." Pruitt argues that because USAA

4. Alaska R. Civ. P. 82(a) (emphasis added).

5. 584 P.2d 1128, 1130 (Alaska 1978).

6. *Integrated Resources Equity Corp. v. Fairbanks North Star Borough*, 799 P.2d 295 (Alaska 1990), and *Alaska State Housing Authority v. Riley Pleas, Inc.*, 586 P.2d 1244 (Alaska 1978), relied on by

requested that the trial court apply Rule 82 to the arbitration award, USAA may not now contend that this was error.

This argument would be conclusive except that, in context, it appears that USAA was arguing for a single award of attorney's fees for both aspects of the case. The single award would be measured by the amount of the arbitration award applying the percentage of recovery schedule of Civil Rule 82(b)(1).

While USAA is not barred by its memoranda in opposition to the motion for attorney's fees from arguing that no separate award is appropriate, its admission at oral argument before the superior court that at the time of the settlement agreement the parties contemplated that the issues would be bifurcated and the court would "award attorney's fees separately" does have a preclusive effect. This admission resolves the ambiguity that exists in the order memorializing the settlement agreement as to whether there would also be a fee award for the arbitration aspect of the bifurcated case.

Further, our decision in *Harold's Trucking v. Kelsey*[5] permits court-awarded attorney's fees based on arbitration awards where the arbitration is court-ordered, so long as the action is not filed needlessly in order to obtain attorney's fees.[6] The present case readily falls within the rule established by *Harold's Trucking*.

### 3. The superior court did not abuse its discretion by issuing two awards in the same case.

USAA also argues that compelling policy reasons exist prohibiting issuing two attorney's fees awards in the same action. First, "issuing two awards in the same action ... risks double recovery." USAA contends that the court might have included work done for the arbitration in the award for the exclusion litigation. Secondly, "the trial

USAA, are not to the contrary, for these cases hold that when arbitrations are not court-ordered, attorney's fees may be awarded for confirmation and post-confirmation proceedings conducted in court, but not for fees incurred in arbitration.

court could have applied two separate standards. The court could have applied Rule 82(b)(1) (applying to money judgments) to the arbitration and Rule 82(b)(2) (applying to non-money judgments) in calculating the two different awards."

Pruitt responds that the "breakdown requested by the trial court was designed to preclude 'double recovery' in this case and there is no evidence indicating that such design was not carried out." Pruitt also acknowledges that the court used different standards for the two awards—82(b)(1) for the arbitration award and 82(b)(2) for the exclusion issue. But he sees no problem with this for "Rule 82(b)(3) permits enhancement of either a(b)(1) *or* a(b)(2) award...."

■ We believe that there are no general reasons of policy why a case, once bifurcated, could not support two separate fee awards.[7] Care should be taken not to award fees twice for the same work, but such duplication should be avoidable. The fact that different standards may be used in awarding fees for different portions of a case involves no principle that should act as a bar. Here, once the case was, in effect, converted into two cases, it was logical that the coverage adjudication would be governed by Rule 82(b)(2), for the judgment was a declaration of coverage, not a money judgment. Likewise, the arbitration award was logically governed by subsection (b)(1) of the rule because a money award was made.

**4. The superior court erred when it failed to explain why it deviated from the Rule 82(b)(1) fee schedule with respect to fees for the arbitration.**

■ USAA argues that the court erred because (1) it failed to calculate what the fee award would have been for the arbitration under Civil Rule 82(b)(1) before it deviated

from that schedule and (2) it failed to explain why it deviated from the schedule. These arguments have merit. We held in *State v. Johnson* that before deviating from scheduled fees, courts should first calculate the authorized award and then give their reasons for deviating from the authorized award.[8] Here the court ruled that the total arbitration award on which fees would be based was $54,691, including prejudgment interest. The court indicated that the contested-with-trial schedule of subsection (b)(1) should be used. Thus the scheduled award should have been $7,969.10. But the court awarded $16,407.

Rule 82(b)(3) permits a court to deviate from the guidelines of subsection (b)(1) or (2) if the court determines that deviation is warranted by the factors listed in subsections (b)(3)(A)-(K). But the rule requires that "if the court varies an award, the court shall explain the reasons for the variation." Here the court gave no explanation.

A remand is therefore required. On remand the court should either state its reasons for deviating from the scheduled fees or change the fee award so that it is in accordance with the schedule.

**C. The Superior Court Did Not Abuse Its Discretion When It Awarded Attorney's Fees for the Coverage Litigation.**

**1. It was not error to award attorney's fees based on Pruitt's attorney's submissions rather than on actual fees paid or owed by Pruitt.**

■ USAA contends that the award of $48,468.75 in attorney's fees for the coverage litigation was error because "such award was not based on fees actually and necessarily incurred by Sean Pruitt," as required by Rule 82(b)(2). According to USAA the fees

---

7. This is especially so where the bifurcated portions are often litigated in separate actions. That is the case here, for liability and damage claims against a tortfeasor and questions of the tortfeasor's insurance coverage are often litigated in separate actions. *See, e.g., C.P. v. Allstate Ins. Co.,* 996 P.2d 1216 (Alaska 2000); *Bohna v. Hughes, Thorsness,* 828 P.2d 745 (Alaska 1992); *Continental Ins. Co. v. Bayless & Roberts, Inc.,*

608 P.2d 281, 283 (Alaska 1980). Indeed, this case originated as two actions, but the parties agreed that the result of the earlier case, *Pruitt v. Gabriel Pruitt,* would be vacated and that the case would be re-litigated in arbitration under the auspices of the court in the later litigation.

8. 958 P.2d 440, 446 (Alaska 1998).

were based "only on Mr. Pruitt's counsel's evaluation of his services in terms of the number of hours spent on the case and an hourly rate which Mr. Pruitt was not charged." USAA argues:

> There was no attestation that Sean Pruitt actually and necessarily incurred the fees requested. Mr. Pruitt has never denied that he was on a contingency fee agreement. He was not offered any copies of billing statements nor a copy of the retainer agreement to show that the fees were actually incurred.

Hence, if Pruitt agreed to a one-third contingency agreement with his attorney, USAA contends that Pruitt received a fee more than three times greater than what he actually would pay his lawyer. USAA argues that *Municipality of Anchorage v. Gentile* stands for the principle that "[a]warding an enhanced fee, i.e., an amount more than the party agreed to pay its attorney, is fundamentally contrary to the purposes behind Rule 82...."[9]

The superior court considered these points in USAA's motion for reconsideration, but rejected them. The court noted that "[h]ourly compensation is the currency of attorney fees calculations under Civil Rule 82(b). Whether plaintiff had a contingency fee, or an agreement to charge no fee, is irrelevant. Such matters are within the attorney client relationship and not subject to review by an adverse party."

In our view the trial court did not err in calculating what Pruitt's reasonable fees would have been based on the time expended by his attorney multiplied by the attorney's typical hourly rate even though actual fees may have been charged on a contingent basis.

We have rejected arguments that Rule 82 awards based on attorney's time multiplied by a reasonable hourly rate are impermissible because the attorney's services were free to the client or because the client actually paid a fee different from the fee as so calculated. For example in *Gregory v. Sauser* we held that Rule 82 fees should not be denied to a prevailing party who was receiving free legal services.[10] We stated that it was "untenable" to deny a Rule 82 award "based on whether the client has an obligation to pay for the legal services rendered."[11] *Fairbanks Correctional Center Inmates v. Williamson* is in accord.[12] There we said, "the fact that plaintiffs were not liable for their attorney's fees is irrelevant to an award of fees otherwise proper under Alaska Rule of Civil Procedure 82."[13] Similarly, we have upheld fee awards based on an hours/rate measure to attorneys who represented themselves. Thus in *Doyle v. Peabody* we held that the superior court did not err in valuing a self-represented attorney's services at $7,500 (75 hours of time multiplied by an hourly rate of $100) for Rule 82 purposes.[14]

The superior court's ruling in the present case followed the principle established by the cases discussed above that Rule 82 fees, except when based on a money judgment, should be measured by the reasonable value of the attorney's services, not what the client actually pays. It was therefore not erroneous.

---

**9.** 922 P.2d 248, 264 (Alaska 1996).

**10.** 574 P.2d 445 (Alaska 1978).

**11.** *Id.* at 445.

**12.** 600 P.2d 743 (Alaska 1979).

**13.** *Id.* at 746. *See also City & Borough of Sitka v. Swanner*, 649 P.2d 940, 947 (Alaska 1982), where in the context of a fee award under 42 U.S.C. § 1988 we warned against an erroneous focus

> on the compensation counsel will receive ... rather than on the reasonable value of the legal services rendered. The courts have recognized the social utility of a contingent fee as a means

of giving those without funds an opportunity for legal counsel equal to those who can pay at the hourly rate.

**14.** 781 P.2d 957, 962–63 (Alaska 1989). *Municipality of Anchorage v. Gentile*, 922 P.2d 248 (Alaska 1996), relied on by USAA, is not to the contrary. There we observed that Rule 82 "cannot ordinarily be used to award a prevailing party an amount larger than the party has agreed to pay its attorneys." *Id.* at 263. But we added in a footnote keyed to this statement: "In cases where the attorney charges no fee or a lower than usual fee, however, the proper approach is to value the attorney's services and to make a Rule 82 award which is some fraction of this value." *Id.* at 263 n. 20.

### 2. The superior court's explanation concerning the award for the coverage portion of the case was adequate.

With regard to the award concerning the coverage aspect of this case, USAA argues that the trial court's explanation for awarding 75% of actual fees was insufficient to meet Rule 82(b)(3)'s requirement that trial courts explain their reasons for deviating from Rule 82's presumptive awards.

This court has held that "[i]n general, a trial court has broad discretion to award Rule 82 attorney's fees in amounts exceeding those prescribed by the schedule of the rule, so long as the court specifies in the record its reasons for departing from the schedule."[15] In this case, the court explained its rationale for deviating from the rule's schedule:

> In this case, the issue was of substantial importance to defendant and was vigorously defended by it. The issues were unique and plaintiff's efforts were effective, efficient and although driven by economic motive, also had broad beneficial effect for the public.

These reasons readily fall within some of the reasons for deviation that the rule contemplates. The court's explanation relates to "the complexity of the litigation;"[16] "the reasonableness of the attorneys' hourly rates and the number of hours expended;"[17] "the relationship between the amount of work performed and the significance of the matters at stake;"[18] and "the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer."[19] We conclude that it meets the requirements of Rule 82(b)(3).

### IV. CONCLUSION

Because the parties' settlement contemplated that attorney's fees would be awarded in both bifurcated portions of the case, and because fees may be awarded in cases of court-ordered arbitration, we hold that it was not error to grant prevailing party attorney's fees in both portions of the case. But because the superior court failed to explain its reasons for exceeding the Rule 82 schedule with regard to the arbitration award, we VACATE that award and REMAND this case so that the court may either reinstate the award with an appropriate explanation or enter an award that conforms to the schedule. Because no error was committed with respect to the award for the coverage portion of the case, we AFFIRM that award.

**15.** *State v. Johnson,* 958 P.2d 440, 445 n. 10 (Alaska 1998).

**16.** Alaska R. Civ. P. 82(b)(3)(A).

**17.** Alaska R. Civ. P. 82(b)(3)(D).

**18.** Alaska R. Civ. P. 82(b)(3)(H).

**19.** Alaska R. Civ. P. 82(b)(3)(J).