Gilmer GREGORY, Appellant,

v.

Frank SAUSER, Acting Superintendent, Southeast Correctional Center, and William H. Huston, Director, Division of Corrections, Appellees.

No. 3411.

Supreme Court of Alaska.

Feb. 10, 1978.

Margaret W. Berck and Howard J. Goldman, Alaska Legal Services Corp., Juneau, for appellant.

Jonathan Tillinghast, Asst. Atty. Gen., and Avrum M. Gross, Atty. Gen., Juneau, for appellees.

OPINION

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE, and MATTHEWS, Justices.

CONNOR, Justice.

In this case Alaska Legal Services Corporation represented appellant Gregory in an action arising out of an alleged violation of Gregory's due process rights. The case was resolved in Gregory's favor, and Gregory filed a motion in the superior court requesting attorney's fees pursuant to Alaska Rule of Civil Procedure 82. The superior court denied the motion on the basis of our opinion in *Continental Ins. Company v. U. S. Fid. & Guar. Co.*, 552 P.2d 1122 (Alaska 1976). The superior court read that opinion as standing for the principle that attorney's fees should not be awarded to a party in the absence of the party's obligation to pay the attorney for the legal services rendered in connection with the litigation.

What we have said in the companion case of *Greater Anchorage Area Borough v. Sisters of Charity*, Alaska, 573 P.2d 862 (Opinion No. 1550 January 27, 1978), is dispositive here. We believe that any further distinction, based upon whether the client has an obligation to pay for the legal services rendered, is untenable. *See, e. g., Thompson v. Madison County Board of Education*, 496 F.2d 682, 689 (5th Cir. 1974); *Lee v. Southern Home Sites Corp.*, 444 F.2d 143, 147 n.3 (5th Cir. 1971); *Miller v. Amusement Enterprises, Inc.*, 426 F.2d 534, 539 (5th Cir. 1970); *Palmer v. Columbia Gas of Ohio, Inc.*, 375 F.Supp. 634, 636 (N.D.Ohio 1974). Accordingly, we must reverse and remand this case for further proceedings consistent with this opinion.

REVERSED and REMANDED.