KyndelFaye Mercedes **KELLIS,**
Appellant,

v.

**Virginia L. CRITES, Appellee.**

No. S–9276.

Supreme Court of Alaska.

March 30, 2001.

---

Kenneth P. Jacobus, Kenneth P. Jacobus, P.C., Anchorage, for Appellant.

Barry J. Kell, Wilkerson & Associates, Anchorage, for Appellee.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

1. See Belluomini v. Fred Meyer of Alaska, Inc., 993 P.2d 1009, 1016, 1018 (Alaska 1999) (reviewing for abuse of discretion attorney's fees awarded under Alaska Civil Rule 82 and costs awarded under Alaska Civil Rule 79); Andrus v. Lena, 975 P.2d 54, 59–60 (Alaska 1999).

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

A jury returned a verdict for a personal injury defendant who had made a $250 pretrial offer of judgment. This appeal concerns the post-trial awards of litigation costs and attorney's fees. Because the parties agree that it was error to award the defendant 100% of her attorney's fees under Civil Rule 68 and AS 09.30.065(a)(1), we vacate the fees award and remand. We also vacate the cost award and remand for submission of a cost bill to the clerk of court.

## II. FACTS AND PROCEEDINGS

KyndelFaye Mercedes Kellis sued Virginia M. Crites in January 1998 for injuries Kellis allegedly suffered as a result of a 1996 car accident. In February 1998 Crites, citing Alaska Civil Rule 68 and AS 09.30.065, made Kellis an offer of judgment of $250. Kellis did not accept the offer, which expired ten days later. The case went to trial in February 1999 on the issues of causation and damages only. The jury found for Crites and awarded Kellis no damages. The trial court entered judgment for Crites on March 4, 1999.

Crites then filed separate motions for awards of costs and attorney's fees. Kellis objected. The superior court awarded Crites all requested costs ($7,461), and all of the attorney's fees ($30,434.50) incurred in her behalf, even though Crites had requested only $22,825.87, seventy-five percent of the attorney's fees incurred. Kellis appeals both awards.

## III. DISCUSSION

### A. Standard of Review

We review awards of costs and attorney's fees for abuse of discretion, which exists if an award is arbitrary, capricious, manifestly unreasonable, or improperly motivated.[1] We interpret our civil rules de novo,[2]

2. See Bobich v. Hughes, 965 P.2d 1196, 1197 (Alaska 1998) (interpreting Alaska Civil Rule 68); D.L.M. v. M.W., 941 P.2d 900, 902 (Alaska 1997) (interpreting Alaska Civil Rules 79 and 82).

adopting "the rule of law which is most persuasive in light of precedent, policy, and reason." [3]

### B. *Attorney's Fees*

■ Kellis first argues that the trial court's award of full attorney's fees violates AS 09.30.065(a)(1) [4] and that the trial court should have awarded, at most, seventy-five percent of the reasonable attorney's fees incurred in Crites's behalf. Crites agrees that it was error to award her full attorney's fees, because Crites had requested only seventy-five percent of her incurred fees. Crites did not ask the trial court to award full attorney's fees under AS 09.30.065(b),[5] and does not seek to justify such an award on appeal. We therefore vacate the award of full attorney's fees and remand for an award of attorney's fees under Alaska Civil Rule 68 and AS 09.30.065(a)(1).

■ Furthermore, we note that Rule 68 and AS 09.30.065(a) apply only from the date when an offer of judgment is made.[6] On remand, the superior court may not award Crites attorney's fees per Rule 68 and AS 09.30.065 for services performed before February 6, 1998, when Crites made the offer of judgment.

■ Kellis next argues that the trial court should be allowed to reduce a Rule 68 and AS 09.30.065 attorney's fees award by applying the factors listed in Alaska Civil Rule 82(b)(3). Kellis claims that several of those factors dictate a downward variation in this case. Kellis cites Rule 82(b)(3)(I), which authorizes the court to consider "the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts." [7] Kellis also cites Rule 82(b)(3)(J), which authorizes the court to consider "the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer...." [8]

Assuming the Rule 82(b)(3) factors apply to an award of attorney's fees under Rule 68(b) and AS 09.30.065(a), they could be relevant in this case only for the limited purpose of determining whether the attorney's fees actually incurred by the offeror were reasonable.[9] But in this case there is no dispute about the reasonableness of the fees incurred by Crites: Kellis's superior court response to Crites's itemized billing conceded that the attorney's fees incurred by Crites were not "unreasonable as to work performed, time expended or hourly rate." Therefore, the Rule 82(b)(3) factors have no bearing on the Rule 68 and AS 09.30.065 award in this case.

■ At oral argument before us, counsel for Kellis also argued that Rule 68 and AS 09.30.065 violate the equal protection clause of the Alaska Constitution.[10] Kellis did not raise this argument in the superior court or

---

3. *Jaso v. McCarthy*, 923 P.2d 795, 801 (Alaska 1996) (quoting *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979)).

4. AS 09.30.065(a)(1) provides: "[I]f the offer [of judgment] was served no later than 60 days after both parties made the disclosures required by the Alaska Rules of Civil Procedure, *the offeree shall pay 75 percent* of the offeror's reasonable actual attorney fees." (Emphasis added.)

5. AS 09.30.065(b) provides:
Notwithstanding (a) of this section, if the amount awarded an offeror for attorney fees under the Alaska Rules of Civil Procedure is greater than a party would receive under (a) of this section, the offeree shall pay to the offeror attorney fees specified under the Alaska Rules of Civil Procedure and is not required to pay reasonable actual attorney fees under (a) of this section.

6. *See* Alaska R. Civ. P. 68(b); AS 09.30.065(a).

7. Alaska R. Civ. P. 82(b)(3)(I).

8. Alaska R. Civ. P. 82(b)(3)(J).

9. It is not necessary here to consider the effect of this sentence in Rule 68(c): "A party who receives attorney fees under this rule may not also receive attorney fees under Civil Rule 82." We note that appellee does not claim that an award under Rule 82 would exceed her award under Rule 68.

10. *See* Alaska Const. art. I, § 1 (providing that "all persons are equal and entitled to equal rights, opportunities, and protection under the law").

in her opening brief. It is therefore waived.[11]

### C. Costs

 Kellis argues that the trial court's award of costs should be vacated because Crites did not follow Alaska Civil Rule 79's requirement of filing a cost bill with the clerk of the trial court.[12] Kellis also argues that it was error to award the full costs Crites requested, because Crites did not sufficiently itemize or explain the requested costs. At oral argument before us, counsel for Crites conceded that the trial court's award of costs should be remanded. We therefore vacate the trial court's award of costs and remand so that the cost bill can be submitted to the clerk of court.[13]

But we note that there was potentially a substantive error in awarding Crites the full costs requested for expert fees, $3,971.12. Civil Rule 79(f)(7) permits a prevailing party to recover witness fees according to Alaska Administrative Rule 7.[14] That rule provides that the recovery of expert witness fees is "limited to the time when the expert is employed and testifying and shall not exceed $50.00 per hour, except as otherwise provided in these rules." [15] Here, Crites's expert testified for approximately one hour. The award consequently cannot be justified as a reimbursement of the fees charged by the expert.

Crites's cost bill indicated that the claimed expert fees also covered the expert's travel expenses. Travel expenses for witnesses are allowed by Civil Rule 79(g)(1)(D) "to the extent permitted by Administrative Rule 7." [16] Administrative Rule 7 permits recovery of round-trip travel expenses for witnesses required to travel in excess of thirty miles from the witness's residence at the rate for state employees.[17] Here, Crites's cost bill implies that her expert incurred travel ex-

penses approaching $4,000. This amount seems excessive on its face, considering normal, reasonable travel expenses. Because Crites's cost bill was ambiguous and did not permit the trial court to distinguish between what appeared to be excessive fees and unknown travel expenses, it was potentially error to award the full expert witness fees Crites requested.

### IV. CONCLUSION

We therefore VACATE the attorney's fee award and REMAND for recalculation of the award under Rule 68 and AS 09.30.065 for services performed on or after February 6, 1998. We also VACATE the award of costs and REMAND so that the clerk of court can consider Crites's cost bill and Kellis's objections to the cost bill.

---

11. *See Gunderson v. University of Alaska, Fairbanks,* 902 P.2d 323, 327 n. 5 (Alaska 1995) (holding that arguments not raised before trial court or not included in statement of points on appeal will not be considered on appeal).

12. *See* Alaska R. Civ. P. 79(b), (d).

13. *See id.*

14. Alaska R. Civ. P. 79(f)(7).

15. Alaska R. Admin. P. 7(c).

16. Alaska R. Civ. P. 79(g)(1)(D).

17. *See* Alaska R. Admin. P. 7(b).