**VALDEZ FISHERIES DEVELOPMENT ASSOCIATION, INC., Appellant,**

v.

**Chris FROINES, Appellee.**

No. S–13228.

Supreme Court of Alaska.

Oct. 16, 2009.

831

Stephen McAlpine, Law Offices of Stephen McAlpine, Anchorage, for Appellant.

Jeffrey J. Jarvi, Michael T. Stehle, Stehle & Jarvi, L.L.C., Anchorage, for Appellee.

Before: FABE, Chief Justice, EASTAUGH, CARPENETI, WINFREE, and CHRISTEN, Justices.

## OPINION

CHRISTEN, Justice.

## I. INTRODUCTION

Valdez Fisheries Development Association, Inc., appeals an award of attorney's fees. It argues that the fee award misinterprets this court's earlier opinion reversing and remanding the original award of attorney's fees in this case. We agree, and remand for recalculation of the fee award.

## II. FACTS AND PROCEEDINGS

In May 2000 Chris Froines filed suit against Valdez Fisheries, seeking damages for breach of contract.[1] On December 15, 2003, Froines made an Alaska Civil Rule 68 offer of judgment to settle the dispute if Valdez Fisheries would pay him $15,000. Valdez Fisheries refused the offer.[2] After a five-day trial, the jury entered a verdict in Froines's favor, awarding him $10,000 in damages.[3]

Froines moved for attorney's fees under Alaska Civil Rule 68(b)(2).[4] The motion was

1. *Froines v. Valdez Fisheries Dev. Ass'n, Inc.,* (*Froines II*) 175 P.3d 1234, 1235 (Alaska 2008).

2. *Id.*

3. *Id.*

4. Rule 68 authorizes an award of attorney's fees to the prevailing party if the prevailing party has made a timely offer to settle that the losing party refused to accept and the judgment is "at least five percent less favorable to the offeree than the offer." *See* Alaska R. Civ. P. 68. Even though the damages the jury awarded Froines were less than the amount of his settlement offer, the parties do not dispute that Rule 68 fees were appropriate because the sum of Froines's damages, costs, and prejudgment interest was at least five percent greater than the amount of the settlement offer. *See Froines II,* 175 P.3d at 1235–36.

supported by an affidavit and billing records showing the number of hours Froines's attorneys worked and their hourly rates. The affidavit calculated that the total amount of attorney's fees incurred on Froines's behalf was $74,394.50. Because of the date of the offer, Civil Rule 68 authorized an award of fifty percent of Froines's "reasonable actual attorney's fees." [5] The motion requested an award of fifty percent of the total fees. Noting that he had incurred fees of $74,394.50, Froines sought an award of $37,197.25. The superior court agreed that Froines's jury verdict entitled him to an attorney's fee award in the amount of fifty percent of his reasonable actual attorney's fees. But the superior court looked in part to the factors of Alaska Professional Conduct Rule 1.5 and determined that reasonable actual fees should not have exceeded $20,000.[6] The superior court thus awarded Froines $10,000 in attorney's fees.[7]

Froines appealed, and we reversed.[8] Our decision in *Froines II* explained that the fee award might have been improperly based on certain factors listed in Professional Conduct Rule 1.5 that were inapplicable or that "cut both ways" under the facts of this case.[9] We remanded for recalculation because we could not say with certainty that the attorney's fee award would have been the same had the factors been considered properly.[10]

On remand, the superior court interpreted our opinion to require that "reasonable actual attorney's fees" be equated to "the amount of time that an attorney honestly chooses to spend on the case." The superior court articulated that its interpretation of *Froines II* precluded it from exercising its discretion: "[a] subjective [evaluation] ... requires this court to approve the amount of time" actually worked. The superior court awarded $42,090.50 in Rule 68(b)(2) attorney's fees to Froines, exactly the amount Froines's attorneys sought.[11] It appears that the reasonableness of Froines's attorneys' hourly rates was not disputed.

Valdez Fisheries appeals, arguing that the superior court misinterpreted *Froines II* and that the new award of attorney's fees should be reversed because it includes fees for work that did not advance the litigation. We reverse and remand.

## III. STANDARD OF REVIEW

We review "a trial court's fact-based determinations regarding whether attorney's fees are reasonable for an abuse of discretion."[12] We review a trial court's "interpretation of Alaska Civil Rule 68 ... de novo."[13]

## IV. DISCUSSION

### A. Awards of Attorney's Fees Under Alaska Civil Rule 68

Trial courts have broad discretion in calculating awards of attorney's fees, but that discretion is constrained by the court rules that authorize such awards.[14] Here, fees were awarded under Rule 68, which authorizes awards calculated as a percentage of a party's "reasonable actual attorney's

---

**5.** *See* Alaska R. Civ. P. 68(b)(2) ("[I]f the offer was served more than 60 days after the date established in the pretrial order for initial disclosures required by Civil Rule 26 but more than 90 days before the trial began, the offeree shall pay 50 percent of the offeror's reasonable actual attorney's fees.").

**6.** *Froines II,* 175 P.3d at 1236.

**7.** *Id.*

**8.** We had previously reversed a grant of summary judgment in favor of Valdez Fisheries. *Froines v. Valdez Fisheries Dev. Ass'n, Inc.,* (*Froines I*) 75 P.3d 83 (Alaska 2003).

**9.** *Froines II,* 175 P.3d at 1237.

**10.** *Id.*

**11.** This award was greater than that Froines initially sought because it included hours Froines's attorneys billed between the initial request for fees and the decision on remand.

**12.** *Froines II,* 175 P.3d at 1237 (citing *Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.,* 116 P.3d 592, 597 (Alaska 2005)).

**13.** *Id.* at 1236 (citing *Marron v. Stromstad,* 123 P.3d 992, 998 (Alaska 2005)).

**14.** *See United Servs. Auto. Ass'n v. Pruitt ex rel. Pruitt,* 38 P.3d 528, 531 (Alaska 2001) ("The trial court has broad discretion in awarding attorney's fees....").

fees."[15] The purpose of the rule is to encourage settlement and efficient litigation practices.[16]

■ In making an award of attorney's fees under Rule 68, the trial court's primary task is to determine the amount of "reasonable actual attorney's fees." The trial court must exercise its discretion to determine whether the fees claimed are objectively reasonable. There is no exhaustive list of the factors a court may or should consider in this process. Courts often approach the question by determining whether the hourly rate charged was reasonable and whether the number of hours worked was reasonable.[17] This approach is particularly appropriate where the party against whom fees are awarded requests an itemized billing affidavit and objects to specific items in the bill as unnecessary, duplicative, or otherwise unreasonable. In such a case, the itemized billing record provides a starting point because it establishes what fees were "actually" incurred.[18] The superior court's task is then to determine whether the hourly rate is reasonable, and how many of the hours of work billed were reasonably incurred.

■ In this case, Froines's attorneys filed an itemized billing record. Valdez Fisheries argues here, as it did before the superior court, that certain activities Froines's attorneys engaged in and certain strategies they pursued were unreasonable. For example, Valdez Fisheries argues that Froines seeks payment for two attorneys' presence at trial, when one would have sufficed. It also argued that Froines's attorneys billed far more hours for preparing and conducting the trial than the case required. And Valdez Fisheries argued that Froines's attorneys filed motions seeking redetermination of legal questions already resolved in the case, and spent time drafting jury instructions for claims not raised in the complaint. Each of these arguments is an allegation that certain amounts of time billed by Froines's attorneys did not reasonably advance the litigation. It is the task of the superior court to evaluate these claims, and claims like them, to determine whether the hours Froines's attorneys billed were reasonable. Hours billed for activities that are not reasonably intended to advance the litigation, or hours billed for completing a task in excess of those that ought to be required to complete it, are not reasonably incurred.

The trial court has discretion to resolve such questions and determine the amount of "reasonable actual attorney's fees" because it has knowledge of the case that the reviewing court lacks. The trial court's greater knowledge of the case makes it uniquely suited to answer these questions quickly, accurately, and fairly. The purpose of conferring discretion on the trial court to determine "reasonable actual attorney's fees" is to allow it to use its greater familiarity with the details of the case to perform an objective inquiry into these questions and their like.

## B. The Superior Court's Decisions

We reversed the superior court's first award of fees because of concerns that the trial court improperly relied on factors listed in Professional Conduct Rule 1.5.[19] We have

---

15. Alaska R. Civ. P. 68.

16. *See Cook Schuhmann,* 116 P.3d at 598 ("Rule 68 has the purpose of encouraging settlements and avoiding protracted litigation." (citing *Fernandes v. Portwine,* 56 P.3d 1, 8 (Alaska 2002))).

17. The factors listed in Alaska Civil Rule 82(b)(3) may be helpful in assessing whether the number of hours claimed is reasonable. The factors listed in Alaska Bar Rule 35(a) may be helpful to assess the reasonableness of counsel's requested hourly rate.

18. *Marron v. Stromstad,* 123 P.3d 992, 1013–14 (Alaska 2005) (holding that an attorney's fee award must be based on an itemized billing

record where the party paying the attorney's fee award requests itemization).

19. *Froines II,* 175 P.3d at 1237–38. In its second order, the superior court explained that its first award was also based on its determination "that it would not be reasonable for any party to expend attorney fees in excess of the maximum likely recovery." That assumption was incorrect. We have never adopted such a bright-line rule. Some cases involve important matters of principle, or personal liberty, yet offer only a modest monetary recovery. It may be reasonable for attorney's fees in such a case to exceed the maximum likely recovery. In cases in which the representation is pro bono or under a contingency fee agreement, the logic of the assumption

never adopted Professional Conduct Rule 1.5 as the test for calculating attorney's fee awards. In one case involving a contractual provision for "reasonable attorney fees," this court noted that several factors listed in Professional Conduct Rule 1.5 were helpful in its inquiry.[20] But the purpose of Professional Conduct Rule 1.5, and its near-identical parallel, Alaska Bar Rule 35, is to aid attorneys in determining an appropriate rate to charge their clients. When these factors have a place in a court's calculation of reasonable actual fees, it is most likely in determining whether the hourly rate charged is reasonable.

In this case, the hourly rates charged by Froines's attorneys were not disputed. Because some factors in the reasonable *rate* inquiry overlap with factors in the reasonable *hours* inquiry, *Froines II* addressed the particular factors from Professional Conduct Rule 1.5 relied on by the superior court. We explained that some were inapplicable to the facts of this case, such as the contingent nature of the fee,[21] and that other factors may require different treatment in the context of this case.[22] And we explained that factors suggesting that "the prevailing party litigated its claim in an unreasonable manner," may need to be treated differently in the context of Civil Rule 68, if their weight stems from the premise "that

the case was particularly amenable to an offer of judgment."[23] The extent to which a trial court believes that a case should have settled must be considered in light of the fact that the very application of Rule 68, and the enhanced fees available under it, already penalizes the non-settling party. By definition, Rule 68 fees are awarded only after an offer of judgment is rejected, and some degree of continued litigation becomes necessary in order to resolve the dispute—despite the offeror's attempt to resolve the case. This is why, in the context of Rule 68, the trial court's opinion that a case should have settled is not a valid basis for reducing a fee award to the prevailing party. But this does not mean that the party that issues a Rule 68 settlement offer that is rejected has free reign to incur unnecessarily high fees. After designating a prevailing party, the trial court's assessment of fees—under Civil Rule 82 or Civil Rule 68—begins with the prevailing party's actual fees, but it does not end there. The reasonableness of the actual number of hours billed, and the rate charged for the services, must be separately evaluated by the court.

In *Froines II*, we could not tell whether the superior court's initial fee award was influenced by a determination that Froines's dispute with Valdez Fisheries should have

falls apart entirely, as it is impossible for the attorney's fees actually charged to the client to exceed the amount recovered. Even where a matter of principle is not at stake and the client pays his or her attorney by the hour, the superior court's determination of the maximum likely recovery should not become a hard upper limit on the amount of reasonable actual attorney's fees. Cf. *Magill v. Nelbro Packing Co.*, 43 P.3d 140, 144–45 (Alaska 2001) (reviewing an award of attorney's fees under Rule 68 and explaining that such an award is not improper "solely because the amount of actual fees upon which the award is based exceeds ... the amount in controversy" (citing *Joseph v. Jones*, 639 P.2d 1014, 1019 (Alaska 1982))); *Joseph*, 639 P.2d at 1019 (affirming a Rule 82 attorney's fee award of $8,000 to a party who had recovered only $5,000 in damages).

**20.** *Gamble v. Northstore P'ship*, 28 P.3d 286, 293 (Alaska 2001).

**21.** *Froines II*, 175 P.3d at 1237 (explaining that the contingent nature of the attorney's fee agree-

ment has "little relation to the reasonableness of [the] attorney's fees" requested). In past cases addressing the calculation of "reasonable actual attorney's fees," "[w]e have rejected arguments that ... awards based on [the] attorney's time multiplied by a reasonable hourly rate are impermissible because the attorney's services were free to the client or because the client actually paid a fee different from the fee as so calculated." *United Servs. Auto. Ass'n v. Pruitt ex rel. Pruitt*, 38 P.3d 528, 534 (Alaska 2001) (describing *Gregory v. Sauser*, 574 P.2d 445 (Alaska 1978), and *Fairbanks Corr. Ctr. Inmates v. Williamson*, 600 P.2d 743 (Alaska 1979)); *see also City of Anchorage v. Gentile*, 922 P.2d 248, 263 n. 20 (Alaska 1996) (explaining that where a prevailing party was represented under an agreement that would have resulted in the attorney being paid "a lower than usual fee ... the proper approach [to calculating 'reasonable actual fees'] is to value the attorney's services").

**22.** *Froines II*, 175 P.3d at 1237.

**23.** *Id.*

been settled.[24] We suggested that, on remand, the superior court should determine the amount of reasonable actual attorney's fees by considering the remaining factor cited in its first award: "the moderate amount of time and labor that the case should have required." [25]

The superior court's order on remand expressed concern that its "objective evaluation of the 'time required' to litigate this case" would be "considerably colored by the maximum likely recovery, the actual recovery, and the contingent nature of the fee arrangement." The trial court concluded that our opinion in *Froines II* forbid it "from considering these objective factors to determine whether the plaintiff's fees are 'required.'" But in the same order, the superior court demonstrated that it could evaluate the reasonableness of the hours billed—by determining whether they were "required" to litigate the claim—independent of the possibly improper factors it claimed colored its thoughts. The superior court stated that Froines's attorneys "spent enormous chunks of time" on motions that were patently without merit and on drafting jury instructions for claims that Froines was procedurally barred from pursuing. The reasonableness of filing a meritless motion or drafting unnecessary jury instructions is unrelated to the nature of the fee agreement between the lawyer and the client, and unrelated to the probable or actual recovery on the claim. Similarly, the reasonableness of having two attorneys present at trial, or of spending five days in trial rather than three, are questions unrelated to the nature of the fee agreement between the lawyer and the client and only somewhat related to the probable or actual recovery on the claim. These questions depend much more directly and substantively on the number and complexity of the legal and factual issues in dispute.

The superior court's order awarding attorney's fees to Froines explicitly states that the award is not based on the superior court's objective evaluation of the amount of reasonable actual attorney's fees. The court read *Froines II* as preventing it from using its discretion to make an objective evaluation, and compelling it to accept "the amount of time that an attorney honestly chooses to spend on the case." This was error. The task of determining the amount of reasonable actual attorney's fees requires an objective assessment. The trial court is uniquely suited to make this judgment.

## V. CONCLUSION

For the reasons stated above, we REVERSE and REMAND for recalculation of the award of attorney's fees in accordance with this decision.

EASTAUGH, Justice, concurring.

I agree with the court that the fees dispute must be remanded for further proceedings. But I write separately to repeat my view, expressed in my dissent when this case was last before us, concerning the evidence relevant in Alaska Civil Rule 68 attorney's fees disputes.[1] In my view, the court has unwisely and needlessly prevented trial courts from considering some of the most relevant evidence bearing on the reasonableness of the incurred attorney's fees when a party seeks a Rule 68 fees award.

Because this is the same case, my continued adherence to my dissent is not foreclosed by stare decisis.[2]

24. *Froines II,* 175 P.3d at 1237.

25. *Id.*

1. *Froines v. Valdez Fisheries Dev. Ass'n,* 175 P.3d 1234, 1238 (Alaska 2008) (Eastaugh, J., dissenting).

2. Cf. *Diggins v. Jackson,* 164 P.3d 647, 649 (Alaska 2007) (Matthews, J., concurring) (joining in the court's result because the court relied on a recently decided case that "now stands as a decision of this court and as such [] has precedential effect. Today's opinion is right in holding that it controls the outcome of this case. Based on the principle of stare decisis I join in the result that today's opinion reaches even though I remain convinced that [the recently decided case] was wrongly decided.").