VALLEY RENTAL CENTER, INC., U–Haul Company of Alaska, Inc., U–Haul International, Inc., Republic Western Insurance Company, and Amerco, Petitioners,

v.

Luella THOMAS, Respondent.

No. S–13786.

Supreme Court of Alaska.

April 27, 2010.

Before: CARPENETI, Chief Justice, and FABE, WINFREE, CHRISTEN, and STOWERS, Justices.

**Amended Order**

On consideration of the Petition for Review filed on February 19, 2010, and the response filed on March 1, 2010,

IT IS ORDERED that the petition is GRANTED in part and the trial court's order approving the respondent's discovery plan is VACATED with direction that on remand the trial court will require respondent to make a specific request by motion to the court for the supplemental information that respondent believes is necessary to contest the pending motion for attorney's fees. The trial court will then rule on any request for additional information, ordering production of the specific information it deems appropriate and necessary to contest the fee request. We do not retain jurisdiction of this matter.

After entry of final judgment in favor of petitioners Valley Rental Center, Inc., U–Haul Company of Alaska, Inc., U–Haul International, Inc., Republic Western Insurance Company, and AMERCO ("U–Haul"), U–Haul moved for Civil Rule 68 attorney's fees. Respondent Thomas opposed the motion for fees and claimed a right to conduct discovery into the reasonableness of the fees, particularly the factors set out in Alaska Civil Rule 82(b)(3). Thomas requested an order permitting discovery of the billing practices of the law firm representing U–Haul. At the trial court's request, Thomas filed a proposed discovery plan, which included, among other items, proposed depositions of U–Haul's attorneys, as well as interrogatories relating to the law firm's monthly billing requirements for the attorneys who worked

on the U–Haul litigation, the attorneys' billings on all matters in all cases each month during the course of the U–Haul litigation and each day that a billing entry was entered in the U–Haul case, and all "complaints of overbilling" from the law firm's other clients, as well as resolution of those complaints and the number that resulted in a reduction of the billed amounts.

The trial court ruled that Thomas could conduct discovery on the attorney's fees issues with the caveat that the court would entertain and "probably grant a request that [proprietary] information be sealed or that there be a confidentiality agreement." As for the law firm's objections on the basis of attorney-client privilege or work product, the trial court ruled that the law firm would "have to litigate those kinds of objections." Although the trial court indicated that any discovery efforts into U–Haul's litigation strategy would face "an uphill battle," the trial court required U–Haul to make specific objections, which would then be dealt with on a "question-by-question basis." The trial court then stayed its order to allow this petition for review.

■ As we observed in *Valdez Fisheries Development Ass'n v. Froines,* the trial court's "primary task" in making a Civil Rule 68 award of attorney's fees "is to determine the amount of 'reasonable actual attorney's fees.' " [1] This determination will often require the trial court to decide "whether the hourly rate charged was reasonable and whether the number of hours worked was reasonable." [2] As we noted in *Froines,* "[t]his approach is particularly appropriate where the party against whom fees are awarded requests an itemized billing affidavit and objects to specific items in the bill as unnecessary, duplicative, or otherwise unreasonable." [3] We also recognized in *Froines* that "the itemized billing record provides a *starting point* because it establishes what fees were 'actually' incurred." [4]

■ The question presented in this petition is how the billing information provided after this "starting point" may be developed and amplified so that the trial court can accomplish its task of "determin[ing] whether the hourly rate is reasonable, and how many of the hours of work billed were reasonably incurred." [5] The answer is not a motion for discovery filed by the non-prevailing party. The proper procedure is a motion by the non-prevailing party requesting that the trial court order the prevailing party to supplement its fee request with additional information so that the non-prevailing party can file an appropriate objection to the fee request. After considering the motion and any response, the trial court should exercise its discretion to determine whether any supplementation is necessary. The trial court should then determine the appropriate method of inquiry, which generally will be in the form of an order to provide additional information through the production of documents or by affidavit. Although we do not rule out the possibility that in rare circumstances there might be some very limited, court-supervised discovery, the proper procedure to adduce the supplemental information necessary to challenge a fee request will generally be by motion for production of specific supplemental information. The trial court should not approve, in the first instance, a generalized discovery plan with depositions into areas naturally giving rise to concerns about attorney-client privilege and attorney work-product issues or a process that allows parties to conduct discovery without close court supervision as if they were in pre-trial discovery on the merits of the underlying case with disputes to be resolved through ad hoc motion practice.

Entered at the direction of the court.

1. 217 P.3d 830, 833 (Alaska 2009).

2. *Id.*

3. *Id.*

4. *Id.* (emphasis added).

5. *Id.*