Yasuko OKAGAWA, Appellant,

v.

Reginald O. YAPLE, Appellee.

No. S–13460.

Supreme Court of Alaska.

July 16, 2010.

Kimberlee A. Colbo, Hughes Pfiffner Gorski Seedorf & Odsen, LLC, Anchorage, for Appellant.

Neil T. O'Donnell, Atkinson, Conway & Gagnon, Anchorage, for Appellee.

Before: CARPENETI, Chief Justice, FABE and WINFREE, Justices.

## OPINION

WINFREE, Justice.

### I. INTRODUCTION

After the jury returned a favorable damages verdict, the plaintiff moved for attorney's fees under Alaska Rule of Civil Procedure 68. Despite having a contingency fee agreement with his attorney, the plaintiff requested attorney's fees based on his attorney's time and hourly rate. The trial court granted the plaintiff's motion. The defendant challenges the award, arguing that (1) it was error to calculate "reasonable actual attorney's fees incurred" based on hourly fees when the plaintiff had a contingency fee agreement with his attorney, and (2) the attorney's fees award is unreasonable on its face. Because the trial court correctly applied Rule 68 and did not otherwise abuse its discretion, we affirm the attorney's fees award.

### II. FACTS AND PROCEEDINGS

In early October 2007 Reginald Yaple sued Yasuko Okagawa for damages arising from a vehicle accident. One day after Okagawa answered Yaple's complaint, Yaple gave Okagawa a Rule 68 offer of judgment for $16,500.[1] Okagawa refused the offer.

The case was tried in November 2008. The jury awarded Yaple $26,808 in damages. Yaple, who had entered into a contingency fee agreement with his attorney, then moved for attorney's fees under Rule 68.[2] Yaple's attorney submitted an affidavit and billing records detailing the hours worked on the

---

1. The offer also sought payment or extinguishment of Yaple's insurance carrier's subrogation rights due to any payments made by the carrier to Yaple with respect to the accident, but was inclusive of costs, prejudgment interest, and attorney's fees.

2. Alaska R. Civ. P. 68 provides:
 (b) If the judgment finally rendered by the court is at least 5 percent less favorable to the offeree than the offer ... the offeree ... shall pay all costs as allowed under the Civil Rules and shall pay reasonable actual attorney's fees incurred by the offeror from the date the offer was made as follows:
 (1) if the offer was served no later than 60 days after the date established in the pretrial order for initial disclosures required by Civil Rule 26, the offeree shall pay 75 percent of the offeror's reasonable actual attorney's fees.

case and the associated hourly rates. Based on those records Yaple's attorney calculated attorney's fees of $78,774 from the date of the Rule 68 offer of judgment through the trial's conclusion. Yaple sought 75 percent of these "reasonable actual hourly attorney fees," requesting an award of $59,080. (Emphasis omitted.)

Although Okagawa agreed Yaple's attorney's fees award should be calculated under Rule 68(b)(1), she urged the court to base the award on the contingency fee agreement between Yaple and his attorney. She claimed the contingency fee reflected Yaple's "actual" attorney's fees and proposed an award of $12,166.55. (Emphasis omitted.)

The trial court awarded Yaple his requested $59,080, and later denied Okagawa's motion for reconsideration without comment. Okagawa appeals the attorney's fees award.

## III. STANDARD OF REVIEW

▉▉▉ We generally review attorney's fees awards for abuse of discretion.[3] Abuse of discretion " 'exists if an award is arbitrary, capricious, manifestly unreasonable, or improperly motivated.' "[4] "Whether the trial court correctly applied the law in determining an award of attorney's fees is a question of law that we review de novo."[5] We also review de novo issues concerning the interpretation of civil rules, "adopting the rule of law that is 'most persuasive in light of precedent, policy and reason.' "[6]

3. *Krone v. State, Dep't of Health & Soc. Servs.,* 222 P.3d 250, 252 (Alaska 2009) (citing *Kellis v. Crites,* 20 P.3d 1112, 1113 (Alaska 2001)).

4. *Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.,* 116 P.3d 592, 597 (Alaska 2005) (quoting *Kellis,* 20 P.3d at 1113).

5. *Krone,* 222 P.3d at 252 (citing *Glamann v. Kirk,* 29 P.3d 255, 259 (Alaska 2001)).

6. *Cook Schuhmann & Groseclose,* 116 P.3d at 597 (quoting *Mackie v. Chizmar,* 965 P.2d 1202, 1204 (Alaska 1998)).

7. *See Valdez Fisheries Dev. Ass'n, Inc. v. Froines,* 217 P.3d 830, 834 n. 21 (Alaska 2009) (*Froines III* ) (citing Rule 82 cases for guidance in resolving a challenge to a Rule 68 attorney's fees award).

8. *Compare* Alaska R. Civ. P. 68(b) (awarding "*reasonable actual attorney's fees incurred* by the

## IV. DISCUSSION

### A. The Framework For "Reasonable Actual Attorney's Fees Incurred"

Okagawa argues that the plain meaning of "reasonable actual attorney's fees incurred" is "crystal clear"—it restricts an attorney's fees calculation to what the prevailing party is obligated to pay its attorney. Okagawa maintains, therefore, that Yaple's "reasonable actual attorney's fees incurred" were his contingency fees because those fees—not hourly fees—represent what Yaple was obligated to pay his attorney.

In a recent decision regarding Rule 68 attorney's fees awards, we looked to Rule 82 cases for guidance.[7] Here the Rule 68(b) language Okagawa relies on is similar to the Rule 82(b) language;[8] thus examining Rule 82 cases is particularly important to ensure that we construe similarly written provisions harmoniously. In light of our Rule 82 cases, the resolution of Okagawa's challenge becomes readily apparent—in certain situations attorney's fees awards may be calculated by multiplying a reasonable hourly rate by the attorney's time without necessarily considering how much the party actually owes the attorney.[9]

In *United Services Automobile Association v. Pruitt ex rel. Pruitt,* USAA challenged Rule 82 attorney's fees awards.[10] USAA argued in part that Pruitt did not incur the fee, which was based on an hourly

offeror from the date the offer was made") (emphasis added), *with* Alaska R. Civ. P. 82(b)(2) (awarding "the prevailing party in a case resolved without trial 20 percent of its *actual attorney's fees* which were necessarily *incurred* ") (emphasis added).

9. For example, we have indicated approval for attorney's fees based on attorney's hours and rates when a party receives free legal services, when attorneys represent themselves, and when an attorney is hired with a contingency fee agreement. *See Gregory v. Sauser,* 574 P.2d 445, 445 (Alaska 1978); *Doyle v. Peabody,* 781 P.2d 957, 962–63 (Alaska 1989); *United Servs. Auto. Ass'n v. Pruitt ex rel. Pruitt,* 38 P.3d 528, 534 (Alaska 2001).

10. 38 P.3d at 531–35.

rate, because Pruitt had a contingency fee agreement with his attorney.[11] There we stated: "We have rejected arguments that Rule 82 awards based on attorney's time multiplied by a reasonable hourly rate are impermissible because the attorney's services were free to the client or because the client actually paid a fee different from the fee as so calculated."[12] We affirmed the hourly-based award, recognizing that attorney's fees "except when based on a money judgment, should be measured by the reasonable value of the attorney's services, not what the client actually pays."[13] The policy underlying *Pruitt's* holding is sound and equally applicable in the Rule 68 context.[14]

Okagawa's plain-meaning argument also is contrary to our recent decisions concerning "reasonable actual attorney's fees." In *Froines v. Valdez Fisheries Development Association, Inc. (Froines II )*, the parties disputed the reasonableness of a Rule 68 attorney's fees award.[15] There the superior court had cited, among other factors, the contingency fee agreement as a reason to limit the attorney's fees award.[16] On appeal we remanded for recalculation of attorney's fees, in part because "the contingent nature of the attorney's fees ha[s] little relation to the reasonableness of [the requested] attorney's fees."[17] In a later decision in that same litigation we implicitly approved basing Rule 68 attorney's fees awards on the "attorney's time multiplied by a reasonable hourly rate,"

even when "the client actually paid a fee different from the fee as so calculated."[18] And although it addressed attorney's fees under AS 09.60.010(c),[19] our recent decision in *Krone v. State, Department of Health & Social Services* stated: "Actual fees are those the party agrees to pay its lawyer, but when attorneys charge an unusually low fee or no fee at all except that which might be awarded by the court, the proper approach to determining actual reasonable fees is to objectively value the attorney's services."[20]

■ In light of precedent, policy, and reason we therefore hold that a Rule 68 attorney's fees award based on hourly rates is permissible even though the attorney is hired under a contingency fee agreement.[21] The trial court therefore did not err by calculating Yaple's attorney's fees award using hourly rates.

**B. The Attorney's Fees Award**

■ When awarding Rule 68 attorney's fees a trial court must use its discretion to determine what amount represents the "reasonable actual attorney's fees."[22] In doing so the trial court must decide "whether the fees claimed are objectively reasonable."[23] The trial court is not bound by an "exhaustive list of ... factors" when making a reasonableness determination, but often focuses on two factors: (1) the hourly rate charged

**11.** *Id.* at 534.

**12.** *Id.*

**13.** *Id.*

**14.** *See id.* at 534 n. 13 ("The courts have recognized the social utility of a contingent fee as a means of giving those without funds an opportunity for legal counsel equal to those who can pay at the hourly rate." (quoting *City & Borough of Sitka v. Swanner,* 649 P.2d 940, 947 (Alaska 1982))).

**15.** 175 P.3d 1234, 1236 (Alaska 2008).

**16.** *Id.*

**17.** *Id.* at 1237.

**18.** *Froines III,* 217 P.3d at 834 n. 21 (quoting *United Servs. Auto. Ass'n,* 38 P.3d at 534).

**19.** AS 09.60.010(c)(1) mandates a court award "full reasonable attorney fees" to a party who successfully establishes, protects, or enforces a constitutional right in a civil action or appeal.

**20.** 222 P.3d at 257 (quoting *Municipality of Anchorage v. Gentile,* 922 P.2d 248, 263 (Alaska 1996)) (internal quotation marks and footnote omitted).

**21.** Our conclusion should not be read to imply that a Rule 68 attorney's fees award based on a contingency fee agreement is impermissible. *Cf. Roderer v. Dash,* 233 P.3d 1101 (Alaska 2010) (suggesting that using contingency fee amount as reasonable actual attorney's fees for a Rule 68 award was permissible although the method of calculating the post-offer portion of those fees was not).

**22.** *Froines III,* 217 P.3d at 833.

**23.** *Id.*

and (2) the number of hours reported.[24] Consistent with the discretion afforded to trial courts in determining "reasonable actual attorney's fees," we have clarified that "[w]e will not overturn an attorney's fees award solely because the amount of actual fees upon which the award is based exceeds or is close to the amount in controversy."[25] We review an attorney's fees award recognizing that the trial court is in the best position to determine reasonableness as "it has knowledge of the case that the reviewing court lacks" and "[t]he trial court's greater knowledge of the case makes it uniquely suited to [determine reasonable actual attorney's fees] quickly, accurately, and fairly."[26]

Here Okagawa does not challenge the reasonableness of any specific time entry or rate. Okagawa instead argues that the trial court's award is "unreasonable on its face" because the time Yaple's attorney spent on the case "was out of proportion to the amounts in dispute." Okagawa asserts the disputed issues "were neither complex nor novel," but rather "simple" and "straightforward," especially because she conceded liability. Although the trial lasted six days, she attributes the long duration in part to "the court's schedule and the need to conclude trial early on a couple of days." Yaple, on the other hand, claims that without challenging the reasonableness of either the hours worked or the rates charged, Okagawa's argument constitutes a "conclusory assertion" that "is insufficient to establish that the trial court abused its discretion."

 We have never stated that spending more on attorney's fees than the amount in controversy is per se unreasonable.[27] Here, although liability was not disputed, both parties expended considerable resources arguing damages—during the six-day trial the jury heard testimony from both Yaple and Okagawa, two chiropractors, an accident recon-

struction expert, a certified public accountant, Yaple's treating physician, a forensic epidemiology expert, and other lay witnesses. Yaple called only one expert witness to testify at trial. Okagawa, on the other hand, called four expert witnesses to testify. This disparity suggests Okagawa bore at least some responsibility for the lengthy trial and corresponding attorney's fees. In light of these facts, we cannot say the hours Yaple's attorney and staff reportedly worked—approximately 377 hours—or their hourly rates—ranging from $105 to $225 depending on who performed the work—appear out of proportion.

Given the circumstances surrounding trial and the absence of Okagawa alleging specific unreasonable charges, we hold that the trial court did not abuse its discretion by awarding Yaple $59,080 in attorney's fees.

## V. CONCLUSION

We AFFIRM the trial court's Rule 68 attorney's fees award.

CHRISTEN, Justice, not participating.

---

**24.** *Id.* With respect to the latter factor we have said that "[h]ours billed for activities that are not reasonably intended to advance the litigation, or hours billed for completing a task in excess of those that ought to be required to complete it, are not reasonably incurred." *Id.*

**25.** *Magill v. Nelbro Packing Co.,* 43 P.3d 140, 144 (Alaska 2001) (citing *Joseph v. Jones,* 639 P.2d 1014, 1019 (Alaska 1982)).

**26.** *Froines III,* 217 P.3d at 833.

**27.** *Cf. Rhodes v. Erion,* 189 P.3d 1051, 1053 (Alaska 2008) (stating "that whether Erion spent more on her defense than the amount in controversy is not dispositive" when determining whether an attorney's fees award should be reduced).