*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RALPH GUDITZ, | ) | |
| | ) | Supreme Court No. S-19267 |
| Appellant, | ) | |
| | ) | Superior Court Nos. 3AN-21-04051 CI |
| v. | ) | and 3AN-21-04505 CI (Consolidated) |
| | ) | |
| LAKESIDE NORTH | ) | O P I N I O N |
| CONDOMINIUM HOME OWNERS | ) | |
| ASSOCIATION, | ) | No. 7803 – February 27, 2026 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Andrew Guidi, Judge.

Appearances: Paul J. Nangle, Paul J. Nangle & Associates, Anchorage, for Appellant. Megan N. Sandone and Christopher Bruno, Jermain Dunnagan & Owens, P.C., Anchorage, for Appellee.

Before: Carney, Chief Justice, and Borghesan, Henderson, Pate, and Oravec, Justices.

CARNEY, Chief Justice.

## I.     INTRODUCTION

A homeowners association filed a foreclosure suit against the owner of a condominium for failing to pay dues. In response, the homeowner filed a countersuit against the association alleging breach of contract and misappropriation of funds. The foreclosure suit was dismissed in favor of the homeowner, with attorney's fees awarded

in his favor. The homeowner's countersuit was dismissed in favor of the association after one day of trial.

The superior court awarded attorney's fees to the association in the countersuit, but discounted the total fees by 10% to account for inefficiencies from the association twice changing counsel. It also found that an enhanced fee award of 40% was warranted because the homeowner had failed to produce evidence supporting the countersuit during three years of litigation. The homeowner appeals.

We conclude that the superior court's award of attorney's fees was an abuse of discretion because it failed to require the association to meet its burden of proof. We therefore vacate the fee award and remand for further proceedings.

## II.    FACTS AND PROCEEDINGS

Ralph Guditz owns a condominium in the Lakeside North Condominium Home Owners Association. In January 2021, Lakeside filed a complaint for judicial foreclosure against Guditz based on allegations that he had failed to pay association fees (the foreclosure case). In addition to foreclosure on Guditz's unit, Lakeside sought a money judgment for assessments and fees that would continue to accrue until the court issued a final judgment, as well as interest and attorney's fees.

In February 2021, Guditz, representing himself, filed a countersuit against Lakeside alleging that it breached its duty to repair and maintain common areas of the premises and that it misappropriated funds (the countersuit). He sought specific performance of the repairs and unspecified monetary damages. The superior court consolidated the cases in April 2021. In November, Guditz hired an attorney to represent him in both cases.[1]

Guditz moved for summary judgment in the foreclosure case the following May, which the court granted in part and denied in part. In June 2023, the court entered

---

[1]    Gudtiz's attorney is now deceased.

a final judgment in favor of Guditz in the foreclosure case. Guditz moved for attorney's fees and was awarded enhanced fees in the amount of $15,000.[2]

In July 2024, Guditz's countersuit went to trial. On the second day of trial, the court dismissed the countersuit in favor of Lakeside. It found that Guditz had abandoned his claim regarding misappropriation of funds early in the trial. It also found that he failed to establish that Lakeside breached a contractual obligation, that he failed to provide any evidence that Lakeside's maintenance decisions were unreasonable, and that he failed to show that he would be irreparably harmed if he were denied specific performance.[3]

Lakeside moved for attorney's fees as the prevailing party under Alaska Civil Rule 82. It argued that it was entitled to 20% of the fees it actually and necessarily incurred to defend against Guditz's counterclaim under Rule 82(b)(2). Lakeside stated that it had been represented by three different attorneys from three different law firms at various stages in the litigation: Todd Timmermans, Peter Caltagirone, and Megan Sandone.[4] It submitted billing records from each attorney showing the fees each incurred. Lakeside argued that the fees submitted by each attorney were "reasonable and necessarily incurred to defend this action." And it filed affidavits from each attorney attesting that the fees incurred were reasonable and necessary.

Lakeside also argued that the court should award it enhanced attorney's fees under Civil Rule 82(b)(3) because "[f]or years, [Guditz] refused to engage cooperatively in discovery, refused to provide any information to support his legal and factual allegations, and refused to provide any information to support his claimed

---

**2**      Neither party appeals that decision.

**3**      Guditz also does not appeal the merits of the superior court's judgment.

**4**      Timmermans represented Lakeside from August 2020 to February 2022; Caltagirone represented Lakeside from February 2022 to February 2023; Sandone took over representation in February 2023 and represents Lakeside in this appeal.

damages." It asked the court for an enhanced fee of at least 50% of its actual reasonable attorney's fees.

Guditz opposed the motion. First, he argued that each attorney's records showed "multiple" billing entries for work done in the foreclosure case rather than the countersuit. He argued that the records showed that Lakeside was trying to recover fees for its opposition to his motion to dismiss the foreclosure action and its own cross-motion for summary judgment.

In an affidavit, Guditz's attorney pointed to entries in Timmermans's billing for work done in the foreclosure case. Guditz argued that work completed in the foreclosure case, in which he was the prevailing party, was not reasonably or necessarily incurred in defense of his separate countersuit.

Guditz noted that there were other examples of billing related to the foreclosure case, but he did "not intend to go through all of [the] billing records attempting to accurately reconstruct" which entries should be attributed to which case. He argued that Lakeside bore the burden of demonstrating that the fees claimed were incurred in the countersuit. He also argued that because Lakeside had not done so, "its motion for attorney's fees should be denied" in its entirety.[5]

In addition, Guditz argued that Lakeside was attempting to recover fees that resulted from the inefficiency of changing counsel twice. He noted that Caltagirone's and Sandone's billing entries each included time spent reviewing the file they received from the previous attorney. He argued that it was not reasonable to include those charges in the reasonable and necessary fees for the foreclosure case. Finally, he again asserted that there were other examples of fees that were not

---

[5] Guditz also argued that the attorney billing records submitted included fees for work performed by a paralegal that was not recoverable under Alaska law, but he does not repeat this argument on appeal.

reasonable or necessary for Lakeside's defense but that he would not "spend hours trying to separate the[m]" from the appropriate ones.

Guditz also denied that his behavior warranted an enhanced fee award, and asked the court to deny Lakeside's motion. In the alternative, he asked the court to "adjust the total amount of attorney's fees substantially downward to account for the overbilling" and then base its award on the reduced amount.

Lakeside replied to Guditz's first argument that it had met its burden to prove its entitlement to an award of attorney's fees by filing billing records and attorneys' affidavits. It argued that Guditz failed to prove otherwise and had also failed to prove the allegations in his countersuit.

The superior court granted Lakeside's attorney's fee motion. It observed that Rule 82(b)(2) grants the prevailing party after trial 30% of its reasonable and necessarily incurred actual attorney's fees. It found that $182,000 of the approximately $203,000 Lakeside claimed in attorney's fees had been "reasonably, actually, and necessarily incurred" defending against Guditz's countersuit. It calculated this number by discounting the $203,000 by about 10% ($21,000) because Lakeside's changing counsel twice "inevitably involve[d] inefficiency as new counsel must get up to speed," and a 10% reduction would "reasonably account for the inefficiency."

The court also found that Guditz's behavior during the three years that he litigated his countersuit supported an enhanced fee award under Rule 82(b)(3)(F). It therefore awarded Lakeside 40% of the discounted fee amount, for an award of $72,800.[6]

Guditz appeals only the award of attorney's fees.

---

[6]     It also awarded Lakeside $2,756.48 in costs.

## III. STANDARD OF REVIEW

"We review a superior court's award of attorney's fees for abuse of discretion."[7]  We will affirm an award of attorney's fees unless "the superior court's award of attorney's fees is 'arbitrary, capricious, manifestly unreasonable, or improperly motivated.' "[8]  "[W]hether the trial court applied the law correctly in awarding attorney's fees" is a question we review de novo.[9]

## IV. DISCUSSION

Guditz does not appeal the court's decision to enhance its award of attorney's fees.[10]  Instead, he argues the superior court abused its discretion by failing to exclude billing entries that were not actually and necessarily incurred in defense of the countersuit and by concluding that Lakeside met its burden to prove as much.  He also argues the court erred "as a matter of law by failing to require Lakeside to prove the reasonableness and necessity of the attorney fees it sought to recover."  And he argues that under *Offshore Systems-Kenai v. State, Department of Transportation & Public Facilities*,[11] Lakeside is not entitled to any attorney's fees whatsoever.  He asks us to reverse the superior court's award of attorney's fees.  Alternatively, he asks for a remand to redetermine or recalculate the fees.

Lakeside argues that it met its burden of proof.  It also argues that because Guditz identifies only a limited number of billing entries in his opening brief, his appeal

---

[7]     *Hodari v. State, Dep't of Corr.*, 407 P.3d 468, 471 (Alaska 2017).

[8]     *Id.* (quoting *Roderer v. Dash*, 233 P.3d 1101, 1106 (Alaska 2010)).

[9]     *Lake & Peninsula Borough Assembly v. Oberlatz*, 329 P.3d 214, 221 (Alaska 2014).

[10]     In his points on appeal, Guditz challenges the upward adjustment made by the superior court in enhancing attorney's fees.  However, by failing to brief this issue he abandons his challenge on appeal.  *Lewis v. State*, 469 P.2d 689, 691 n.2 (Alaska 1970).

[11]     282 P.3d 348 (Alaska 2012).

is restricted to the fees he specifically challenged and not the total fee award. Finally, Lakeside argues that *Offshore Systems-Kenai* is distinguishable because there, the superior court had awarded an intervenor full attorney's fees on one of multiple issues after it explicitly stated it could not distinguish between the "portions of the trial that pertained solely" to the limited issue it litigated.[12] By comparison, Lakeside argues that the court here did not indicate any difficulty determining which billing entries pertained to the countersuit and not the foreclosure action.

"Trial courts have broad discretion in calculating awards of attorney's fees."[13] However, that discretion "is constrained by the court rules that authorize such awards."[14] Civil Rule 82 authorizes the award of fees to a prevailing party.[15] The rule provides that "[i]n cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred."[16]

When awarding attorney's fees, "the trial court's primary task is to determine the amount of reasonable actual attorney's fees."[17] A prevailing party must request attorney's fees, and this request "must be supported by 'accurate records of the hours expended and a brief description of the services reflected by those hours.' "[18] "And the requesting party must include sufficient detail to distinguish which fees were

---

[12] *Id.* at 358-59.

[13] *Valdez Fisheries Dev. Ass'n v. Froines*, 217 P.3d 830, 832 (Alaska 2009).

[14] *Id.*

[15] Alaska R. Civ. P. 82(a).

[16] Alaska R. Civ. P. 82(b)(2).

[17] *Valdez Fisheries Dev. Ass'n*, 217 P.3d at 833 (internal quotation marks omitted).

[18] Alaska R. Civ. P. 82(c); *Anderson v. Wilson*, 555 P.3d 13, 26 (Alaska 2024) (quoting *Hayes v. Xerox Corp.*, 718 P.2d 929, 939 (Alaska 1986)).

incurred on which claim."[19] The court's evaluation "begins with the prevailing party's actual fees," and requires the court to "exercise its discretion to determine whether the fees claimed are objectively reasonable."[20]

Requested attorney's fees are "subject to a showing of reasonableness and connection to the litigation."[21] A prevailing party who moves the court for an award of attorney's fees has the burden of proving the reasonableness and necessity of its claimed fees.[22] And when attorney's fees implicate multiple issues, the evidentiary burden is on the prevailing party to establish which fees are associated with which claims.[23] A party who cannot meet that burden "is not entitled to attorney's fees."[24]

We have previously overturned an award of attorney's fees where a superior court implicitly found that a party did not meet its evidentiary burden but nevertheless awarded the party 30% of its total attorney's fees.[25] In *Offshore Systems-Kenai*, the superior court allowed the Kenai Peninsula Borough to intervene in a matter for a limited purpose.[26] Following trial, the court determined that the Borough prevailed on the limited issue and that it should be awarded attorney's fees, despite noting that there was "no way for the court to parse out those portions of the trial that pertained

---

**19**    *Portfolio Recovery Assocs., LLC v. Duvall*, 568 P.3d 1224, 1260 (Alaska 2025).

**20**    *Valdez Fisheries Dev. Ass'n*, 217 P.3d at 833-34.

**21**    *Anderson*, 555 P.3d at 27 (emphasis omitted) (quoting *Hodari v. State, Dep't of Corr.*, 407 P.3d 468, 473 (Alaska 2017)) (internal quotation marks omitted).

**22**    *See Offshore Sys.-Kenai v. State, Dep't of Transp. & Pub. Facilities*, 282 P.3d 348, 358-59 (Alaska 2012).

**23**    *Portfolio Recovery Assocs., LLC*, 568 P.3d at 1259-60; *Gov't Emps. Ins. Co. v. Gonzalez*, 403 P.3d 1153, 1171-72 (Alaska 2017).

**24**    *Gov't Emps. Ins. Co.*, 403 P.3d at 1172; Alaska Civ. R. 82(b)(2).

**25**    *Offshore Sys.-Kenai*, 282 P.3d at 359.

**26**    *Id.* at 353.

solely to [the limited issue]."[27]  Offshore appealed the award of 30% of the Borough's actual fees.[28]

We held that the court's inability to determine which fees the Borough incurred in relation to the limited issue was an implicit determination that "the Borough did not meet its burden of proof" as to those fees.[29]  Therefore, we concluded it was an abuse of discretion for the superior court to award the Borough attorney's fees where it had not met its burden.[30]  We reversed the award and observed that "[i]t was not the superior court's duty to 'parse' the record to ascertain which fees were reasonably related to the Borough's limited intervention — this was the Borough's burden of proof."[31]  We remanded with instructions to the Borough to "segregate its fees and demonstrate which are reasonably related to the limited issue" in which it was allowed to intervene.[32]

In *Government Employees Insurance Co. v. Gonzalez*, we similarly concluded that it was an abuse of discretion for the superior court to award attorney's fees after a prevailing party failed to meet his evidentiary burden.[33]  Two parties were represented by the same attorney, but only one was entitled to attorney's fees.[34]  The superior court determined that "a line by line and item by item review [would] not provide a satisfactory answer" to the problem of undetailed billing statements.[35]

---

[27]    *Id.* at 358.

[28]    *Id.* at 354, 358.

[29]    *Id.* at 359.

[30]    *Id.*

[31]    *Id.*

[32]    *Id.*

[33]    403 P.3d 1153, 1171 (Alaska 2017).

[34]    *Id.*

[35]    *Id.* (quoting superior court) (internal quotation marks omitted).

Instead, it divided the litigation into time periods and allocated participation-based percentages to the prevailing party for each period.[36]  As in *Offshore Systems-Kenai*, we concluded that the prevailing party failed to meet his burden to show which fees were actually and necessarily incurred by failing to identify the line items that involved the individual claim against him.[37]  We held that the award was an abuse of discretion and remanded for the court to require the prevailing party to segregate his fees.[38]

Here, Lakeside had the evidentiary burden to show that the fees it sought were reasonable and necessarily incurred.[39]  It was required to provide records of the work relating to the issues upon which it prevailed and to distinguish between tasks completed in the foreclosure action — in which Guditz was the prevailing party — and the countersuit.

In support of Lakeside's motion for attorney's fees, each of Lakeside's attorneys submitted billing records showing descriptions of the tasks completed, corresponding dates, and the amount billed for each task.  Each attorney also submitted an affidavit attesting that the amounts they had listed in their records were reasonable and necessary.

But Guditz's opposition to the motion for attorney's fees specifically identified fees claimed in the attorneys' records that were not "reasonable and necessarily incurred" in the countersuit and amounted to proof that Lakeside had failed to distinguish between work performed for the two cases.

Once Guditz provided specific examples that the billing records did not distinguish between the two cases, Lakeside had to demonstrate that the fees it claimed were reasonable and necessarily incurred in connection to the countersuit.  Lakeside did

---

[36]     *Id.*

[37]     *Id.* at 1172.

[38]     *Id.*

[39]     *Id.* at 1171-72; Alaska R. Civ. P. 82(b)(2).

not. Instead of distinguishing which line items in the billing statements came from the foreclosure action versus the countersuit, Lakeside argued that the affidavits "clearly" supported the attorney's fees.[40] On appeal, Lakeside repeats this conclusory argument.

Lakeside's arguments are not persuasive.[41] Lakeside's attorneys' affidavits fail to overcome Guditz's specific examples of billing entries for work done in the foreclosure case. The affidavits do not distinguish between the charges claimed in the countersuit and the foreclosure suit, and Lakeside provided no new evidence in response to Guditz's opposition.

When it discounted Lakeside's total claimed amount of attorney's fees for the inefficiencies involved in twice changing attorneys, the superior court implicitly concluded that Lakeside had failed to meet its burden of proof.[42] It "discounted Lakeside's actual fees by $21,000 because it changed counsel twice," finding only $182,000 were "reasonably and necessarily incurred."[43] It then awarded Lakeside "40% of the reasonable fees actually and necessarily incurred for its defense."

---

[40] In its reply to Guditz's opposition, Lakeside also argued that Guditz had failed to rebut *its* evidence, but this misapplies the law. "We have in the past held that '[t]he party asserting a fact generally bears the burden of proving that fact . . . . This is particularly true when the party asserting a fact controls the evidence which bears upon that fact.' " *Inman v. Inman*, 67 P.3d 655, 660 (Alaska 2003) (alterations in original) (quoting *Sloan v. Jefferson*, 758 P.2d 81, 83 (Alaska 1988)). It was not Guditz's responsibility to "spend hours combing through . . . voluminous billing records" — this task was for Lakeside alone.

[41] We also reject Lakeside's argument that Guditz's appeal is limited to the specific billing entries identified in his brief. The select billing entries Guditz highlights on appeal are examples of a larger problem — that Lakeside failed to meet its burden of proof.

[42] *See Offshore Sys.-Kenai v. State, Dep't of Transp. & Pub. Facilities*, 282 P.3d 348, 359 (Alaska 2012).

[43] We do not disapprove of a court's consideration of inefficiency when awarding attorney's fees, assuming that the court explains its reason for doing so.

We appreciate the superior court's effort and "the difficulty of apportioning attorney's fees."[44] But by failing to require Lakeside to rebut Guditz's proof that it had not segregated its fees for the foreclosure case from those incurred in connection with the countersuit, the court failed to require Lakeside to meet its burden of proof. This was an abuse of discretion.

If Lakeside "cannot meet its burden of demonstrating which fees are reasonably related to [the countersuit], then it is not entitled to attorney's fees."[45] Because Lakeside has failed to do that, we vacate the attorney fee award and remand to the superior court for further consideration of attorney's fees.[46]

## V. CONCLUSION

We VACATE the attorney's fee award and REMAND for the superior court to determine appropriate fees.

---

[44] *Gov't Emps. Ins. Co. v. Gonzalez*, 403 P.3d 1153, 1172 (Alaska 2017).

[45] We do not agree with Guditz that *Offshore Systems-Kenai* suggests that Lakeside is entitled to no attorney's fees as a matter of law. In both *Offshore Systems-Kenai* and *Government Employees Insurance Co.*, we reversed the awards and remanded for the party who had not met its burden to attempt to do so. *Offshore Sys.-Kenai*, 282 P.3d at 359; *Gov't Emps. Ins. Co.*, 403 P.3d at 1172. We do the same here.

[46] Lakeside argues that any error is harmless. But this argument depends on Lakeside's argument that Guditz's appeal is limited to a small fraction of the total award, and we have rejected that argument.